*Addison,*
*January,*
*1826.*

EPAPHRAS MILLER, *vs.* ABNER MOORE, Jun.—*IN CHANCERY.*

PRACTICE.—Actual notice to the defendant of the pendency of this suit against him, was proved in Court by the affidavit of a witness, on the *fourth* day of the term.   Whereupon, *Mr. Bates* entered an appearance for the defendant; but the orator insisted, that, notwithstanding the appearance *now* entered, he was entitled to a decree, that the bill be taken as confessed, for want of appearance, under the *fourth* and *twenty-fifth* rules of Chancery.—1 *D. Chip. R.* 498.

And, by the WHOLE COURT—The orator is entitled to his decree, under the *fourth* rule.

*Geo. Chipman,* Solicitor for the orator.

---

*Addison,*
*January,*
*1826.*

LEMUEL BOSTWICK, *et al.—Exparte.*

No citation or notice to the town or towns is necessary, upon a petition for the discontinuance of a road under the act of the 16th of November, 1825.

THIS was a petition to the Supreme Court, praying for the appointment of a committee, to discontinue a road in *New-Haven,* originally laid by a committee, appointed by act of the Legislature.   The petition was predicated on the *third* section of the act of the Legislature, passed Nov. 16, 1825.   (*Acts of* 1825, *p.* 22.) It was filed in Court, on the *fourth* day of the term, and was without citation or notice to the town; and it became a question, whether it was not necessary that the town, or others, should be notified of the pendency of the petition ?

THE COURT took time to consider the question ; but, on a subsequent day of the term, proceeded to appoint the committee, without having ordered notice to the town, or others.