### LYMAN PATCHIN *vs.* ISAAC DOOLITTLE et al.

BENNINGTON,
*February,*
1831.

When a road is laid out, as a public highway, for the accommodation of sundry individuals, who had previously given a bond to save the town harmless from the expense of making such road, it has so far become the business of those individuals to make such road, that they are not trespassers in making it, at a suitable season of the year.

The certificate of the select men, *that a road is opened,* cannot with propriety be made till after the road is made.

This was an action of *trespass,* for breaking and entering the plaintiff's close in Bennington, treading down the grass, and injuring the soil. The defendants pleaded in bar an application to the select men to lay out a public highway; their refusal; an application to the road commissioners, who also refused, till the petitioners had given a bond to the town, securing them against any expense in making the road; that this bond was given, and the road laid out three rods wide, and the survey regularly recorded, with the order of the road commissioners, that the road be

HHH

BENNINGTON, made and opened within one year, from the time of laying out
February,
1831.        and establishing the same ; and that the defendants, as servants
Patchin      to the petitioners, and by their command, entered upon that part
vs.          of the plaintiff's close, which was within the survey of said road,
Doolittle et al.
             took down the fence and made the road, doing no unnecessary
damage, &c.; which was the same trespass complained of, &c.
To this plea the plaintiff demurred. The county court rendered
judgement, that the plea was sufficient. To this decision the
plaintiff excepted, and the cause was sent to this Court for a hear-
ing upon the same question.

After argument, by *Bennett* and *Aikens*, for the plaintiff, and
by *Isham* and *Smith*, for the defendants,

HUTCHINSON, C. J., *pronounced the opinion of the Court.*—
In the argument of the demurrer to this plea, which is the defen-
dant's third plea, no question is made but that this road was regu-
larly laid, and liable to be opened, at some time, by the select
men of the town. Yet it is objected, that no persons had a right
to enter the plaintiff's inclosure and make the road, till the same
was opened by the select men, in the way pointed out by statute ;
to wit, by their causing a certificate, that it is thus opened, to be
recorded in the town clerk's office. We think this objection not
well founded. It cannot be possible, that the legislature should
have intended that this certificate of the select men should
operate as notice to the select men themselves, when they
might commence making a road ; nor that it should be notice
to the owners of land to prepare their fences, that the road
might be made and travelled, without injury to the crops.
It could be of no use to the select men, who must know their own
intended movements, without such a certificate ; and must know
them before they could make the certificate. It could be of no use to
the land owners, unless a time were given them to arrange the fences
of their inclosures, after the certificate is recorded. This is not
required by the statute ; but the time of the lodging the certificate
for record is to be considered the time of opening the road, for
every purpose. The legislature must have intended other and
more valuable objects by this provision. When the select men
lay out a public highway, and there is an application for damages,
not allowed by the select men, this application must be made
within sixty days from the recording of this certificate. Again,
this record of the certificate of the select men is the annunciation

to travellers, that they may now travel upon this road, as they might upon other public roads, with the same exception of finding a road upon which they can travel, and with the same security for damages, if they sustain an injury through want of repairs. These objects are both important and necessary. Both, and more especially the last, imply, that the road is made ready for travel, before the certificate is made and recorded. It now may be, and always should be, so recorded, before an application is made for higher damages, than those allowed by the select men. There is no averment in this plea that such a certificate was made and recorded. There need be none, to justify the making of the road, ready to be opened and travelled. The duty of the select men must be a practical duty. Upon this construction, it is so. A road is laid out and a time fixed, in some cases by law, and in some by the order of the commissioners, within which the road must be made. It cannot be opened to any good purpose, till it is made. The select men have a right to enter the inclosures within the survey, at a suitable season of the year, and there, in a prudent manner, proceed in making the road, doing no damage upon any of the land not included in the survey of the road, and carefully putting up the fences, which they take down within the survey, as they pass on the surveyed road, to and from their daily labor to make the road.

As an appendage of this objection, it is urged, that the order of the commissioners is void, by its not following the injunctions of the statute. They may fix a time not less than one year for the making of the road. The order, in the case before us, is, that the road be made within a year from the laying out. This gives a full year, in which to complete the road. The statute formerly required all roads to be made within a year from the time when they were established. A very proper discretionary power is now given to the road commissioners, and ought to be given to all committees, to give further time than the general laws allowed, for the making of the road by them laid. But they cannot require it made in a less time. They may direct, that one piece be made within one year; another piece in a year and a half; another in two years; and thus give as long time to complete the whole, as they deem proper, considering both the necessity of the road for public use, and the ability of the town to make the expenditure.

A further objection is urged to this plea, that the petitioners had no right to enter upon the plaintiff's land and make this road,

Bennington,
February,
1831.
————
Patchin
vs.
Doolittle et al.
unless employed by the select men, whose duty it is alleged to be to make the road. The plea avers, that the defendants acted as servants of the petitioners. To support this averment, and render unnecessary the averment that they acted as servants of the select men, the defendants have set forth in their plea a chain of facts, which they intend shall show, that it had become the duty of the petitioners to make this road. They have alleged, that the road commissioners at one time refused to lay the road ; at another time, upon the petitioners having given a bond to the town, to secure the town against the expense of making it, they laid and established it ;—that the select men drew an order upon the town treasurer for the damages assessed, &c. This kind of proceeding is objected to as improper—That the commissioners have no right to regard such a bond, or the want of it, when deciding whether to lay out a road or not.

It is obviously the duty of the road commissioners to consider the expense of making the road ; the ability of the town to defray that expense; how far the road, if made, would be of extensive public utility, or how far limited to the use of a few individuals only ; and if, considering these individuals as forming a part of the public, they are convinced that its public utility will not warrant an order upon the town to defray the expense of the road, they do right in refusing to lay it. Still, whenever that difficulty is removed, they would act consistently in laying the road. Sometimes individuals so unwisely select a site for their buildings, that they have no just claim upon the public to make a road to accommodate them. If they will, at their own expense, make such a road as will accommodate their own interests, they may, possibly, have a claim that it should then become a public road, and be repaired at the expense of the public. There is no difficulty in cases, where the owners of the land will consent to the making of the road before it is laid. The refusal to lay will usually produce their consent. But, where the owners will not thus consent, and there can be no right to make the road, but what is created by the laying it out, this difficulty can never be removed, but in the way of security to the town, as set forth in this plea. No person can be injured by such a course. The town cannot be injured by it : it may be a salutary course, and seems to have become very necessary in the case before us ; and we are disposed to sanction it as a legal course.

To what then do these averments amount ? None can doubt, but they place the whole burden and expense of making this road

upon the petitioners. They are to save the town harmless from <span>BENNINGTON, *February* 1831.</span> these expenses; but whether this was to be done by their making the road, or paying others for making it, the plea is silent. The equitable construction would be, that they would do it in the way most convenient for themselves, while it would be as good for the town as any other way. It seems that this road was so complete- ly the road of the petitioners, that the town would do nothing about making it, nor would the road commissioners compel them to do more than pay the forty six dollars damages assessed, until the road was completed. The select men drew their order upon the treasurer for these damages, thereby acquiescing in these pro- ceedings without taking any appeal. Neither the town nor the select men are now complaining of any wrong, or expressing any dissent to the proceedings of the petitioners, in their making the road by aid of the defendants. The plaintiff complains of the technical defect, that the defendants should, in form, justify under the select men, and not under the petitioners. This is the sub- stance of the plea, but not the form. The plea alleges what shows the petitioners to have taken upon themselves a burden, which otherwise would have been on the town, if the road had been laid out without this assumption by the petitioners; and the receiving the bond from the petitioners, and paying the damages assessed, is an assent of the select men, that the petitioners make the road in some way so as to save the town harmless. The worst difficulty with this plea is, that it comes at this substance in an ar- gumentative way, in some sense declaring upon the evidence, rath- er than according to the operation of law. Had the plaintiff de- murred specially on account of these difficulties, the plea must have been adjudged bad; but there are too many substantial facts in the plea to be borne down by a general demurrer.

The judgement of the county court is affirmed.