Kidder *v.* Jennison et al.

GEORGE M. KIDDER *v.* ISRAEL S. JENNISON AND DANIEL WATSON.

In an action of trespass on the case, brought to recover for an alleged injury to the plaintiff's reversionary interest in land, the defendants may prove in justification, under the general issue, that the acts complained of were committed by them in their official capacity as selectmen of the town, in building a highway, which had been laid out by their predecessors in office across the plaintiff's land.

Kidder *v.* Jennison et al.

A survey bill of a highway, signed by the selectmen of the town and recorded in the town clerk's office, commencing in these words,—" Survey bill of a highway at East Highgate," and then, describing the point of commencement, setting forth certain courses and distances to the point of termination, without more, is not void for uncertainty.

The omission of selectmen, laying a road, to specify a time for the land owner to remove his fences, timber, wood, or trees, according to the Rev. St. c. 20, §24, will not affect the validity of their acts in laying the road, but will, at most, make them responsible to the land owner, in a proper action, for damages, if any are sustained.

The omission of the selectmen to return to the town clerk's office the petition, in pursuance of which they have laid a highway, will not avoid their act in laying the highway.

If the selectmen have no power to proceed to lay a highway, without a petition for that purpose having been presented to them, the court, in the absence of all evidence upon the subject, will presume the existence of such petition and its regularity.

The omission of the selectmen, who have decided to lay a highway, to give to one of the land owners the notice required by the Revised Statutes, chap. 20, sec. 10, will not avoid their act in laying the highway, so as to render their successors trespassers in building it. But the party injured may have his remedy, perhaps, by action against the selectmen guilty of the omission; or he may apply for an assessment of damages, when the road is laid open for travel, under the statute of November 5, 1845, or for a committee to revise the whole proceedings, under the Revised Statutes, chap. 20, sec. 26.

TRESPASS ON THE CASE to recover for an alleged injury, by the the defendants, to the plaintiff's reversionary interest in land in Highgate. Plea, the general issue, and trial by the jury, September Term, 1848,—ROYCE, Ch. J., presiding.

On trial, after the plaintiff had given evidence tending to prove the facts alleged in his declaration, the defendants offered to prove, that they were selectmen of Highgate, and that the acts complained of were committed by them in making a public highway, which had been legally laid out by the selectmen of Highgate on the second and third days of March, 1846. To this evidence in justification the plaintiff objected, upon the ground that it was not admissible under the general issue; but the objection was overruled by the court.

The defendants then offered in evidence a copy of the record of the survey bill of the road in question, purporting to be signed by the selectmen of Highgate, which was in these words,—"Survey bill of a highway at East Highgate; beginning seven feet south of the south east corner of G. M. Kidder's house; from thence north sixty four degrees west, two chains, to the bank of the river,—this being the north line of the road, said road to be three rods wide, with the privilege of setting braces, or abutments, or any thing for the safety of the bridge,—thence said road runs north fifty nine degrees west, seventeen rods, to the other bank of the river, to meet the other road by Esq. Hyde's house." To the admission of this evidence the plaintiff objected,—1. Because it did not appear by the survey bill, that the selectmen had ever laid, or attempted to lay, a highway, agreeably to the courses and distances therein described;—2. Because it did not appear, that there had been any previous application of three or more freeholders to the selectmen to lay out the road, or that any such petition, with the doings of the selectmen thereon in writing, stating the manner of notifying the parties, and their decision, was ever returned to the town clerk, to be kept on file in his office;—3. Because it did not appear, that any notice was given to the plaintiff of the doings of the selectmen, so that he could appear and claim his damages for laying the road through his land, nor that the selectmen specified or gave notice to the plaintiff of any time, when he would be required to remove his fences, wood and trees, although the plaintiff was the owner of the land through which the road was laid, and resided within six miles thereof, and the place of his residence was well known to the selectmen. But the objections were overruled by the court.

The plaintiff introduced evidence tending to prove, that the selectmen did in fact, in laying the road, act upon a petition of three or more freeholders of Highgate, and that the petition was never returned by the selectmen to the office of the town clerk, and requested the court to charge the jury that this neglect vitiated the proceedings of the selectmen in laying the road;—but the court refused so to charge.

It appeared, that, upon a previous petition, the selectmen, who were Clark Albee, Luther K. Drury and E. D. Hyde, had made examination, the plaintiff attending, and had decided to lay the road,

Kidder *v.* Jennison et al.

where it was finally laid ; but, no surveyor being present, that they made no survey, or return, at that time ; that, a new petition for the same object having been presented, the selectmen met on Saturday, the last day of February, 1846, and authorized one of their number, E. D. Hyde, to procure a survey to be made, and to sign to a certificate of laying the road the names of himself and the other selectmen, and to cause such certificate to be recorded ; that Hyde, on the Monday following, did accordingly procure a survey to be made, and also a certificate of laying the road, and subscribed the certificate with the names of the several selectmen, and caused the whole to be recorded on that day. It also appeared, that the plaintiff, in the mean time, being apprised of the intent to lay the road on Monday, had applied to Albee and Drury to have the matter delayed until Tuesday, in order that he might be present ; and that they notified him, that he might attend on Tuesday. Drury testified, that he saw Hyde on Monday, immediately after the survey and papers were completed, and told him, that they ought not to be recorded, until the plaintiff had been notified and had an opportunity to be heard as to his damages. But Hyde testified, that Drury told him that the papers ought to be put on record. It farther appeared, that on Tuesday the plaintiff did attend with Drury, and saw Hyde, but that, the proceedings having been returned to the town clerk and recorded, nothing was done ; and it appeared, that the plaintiff saw the record on the same day.

The plaintiff requested the court to charge the jury, that, if these facts were found, the proceedings of the selectmen were fraudulent and void, as against the plaintiff. But the court instructed the jury, that the laying the road was legal, and that the jury must so consider it ; but that, if the jury found the plaintiff had sustained any damage by the removal of any thing on the land, which he could have avoided, if he had had six months' notice to remove, he was entitled to recover for such damage.

Verdict for defendants. Exceptions by plaintiff.

*N. L. Whittemore* and *Stevens & Edson,* for plaintiff, to the point that the evidence in justification was improperly admitted under the general issue, cited 1 Chit. Pl. 505, 518 ; *Raine v. Alderson,* 4 Bing. N. C. 702 ; 9 M. & W. 665. 2 A. & E. 452 ; 10 Wend.

122; 11 Johns. 132; 7 Conn. 35;—and, as to the irregularity of the proceedings of the selectmen, and the invalidity of their act in laying the road, they relied upon the Revised Statutes, c. 20, §§ 9, 10, 11, 14, 24.

*L. B. & G. G. Hunt* and *B. Peake,* for defendants, to the point as to the admission of the evidence in justification under the general issue, cited 1 Chit. Pl. 144, 490, and 2 Stark. Ev. 300 ; and, as to the validity of the proceedings of the selectmen in laying the highway, relied upon the Revised Statutes, c. 20, §§ 1, 10, 16, 24—26 ; Acts of 1845, p. 15, § 2; *Tunbridge* v. *Tarbell,* 19 Vt. 453; *Patchin* v. *Doolittle,* 3 Vt. 457; *Patchen* v. *Morrison,* 3 Vt. 590; *Warren* v. *Bunnell,* 11 Vt. 600; *Emerson at ux.* v. *Reading,* 14 Vt. 279 ; and *Blodgett* v. *Royalton,* 14 Vt. 294.

The opinion of the court was delivered by

REDFIELD, J.   This is an action of trespass on the case for an injury to the plaintiff's reversionary interest in a piece of land in Highgate, wherein the defendants justify, as selectmen of that town, by evidence tending to prove, that what they did was done by them in their official capacity, in building a highway in the town, which had been laid, by their predecessors in office, across the plaintiff's land.

The first question made in the case is, whether this defence can be received under the plea of the general issue. We entertain no doubt, that the defence was correctly received under that plea.   In trespass *quare clausum fregit* it would no doubt be necessary to plead such justification specially, or give special notice of it ; but in this action almost all defences are receivable under the general issue. I hardly know of any exception, unless it be the statute of limitations.

In regard to the merits of the case, it will be noticed, that this action is not against the defendants, complaining of them for some omission of official duty ; but it treats all their acts, in building the road, as mere torts.   It becomes important, then, to determine, how far the acts of the former selectmen, in laying the road, are legal and operative, or how far they are so defective, as not to justify these defendants in building the road.

It seems to us, that there is no such uncertainty in the survey bill, as ought to render it void.

- The only remaining inquiry is, whether there is any such defect upon the face of the survey, or in the proceedings of the former selectmen, as will render these defendants trespassers, as to the person in possession of the land, for building the road, and, by consequence, liable to the plaintiff in this action. The omission to specify a time for the land owner to lay the land open to be wrought is clearly not essential to the validity of the act of laying the road. The most the plaintiff could claim for that omission is damages, if he sustained any,—which he was allowed by the charge of the court. Whether, under this declaration, and against these defendants, he was even entitled to that is more questionable. The omission to return the petition to the town clerk's office is clearly nothing, which will render void the act of the selectmen in laying the road. It is, at most, an omission of a duty, which cannot affect the validity of the act of laying the road, as it is a matter, in contemplation of law, wholly subsequent to the laying of the road, and in no sense forming any essential ingredient of that act. Whether the selectmen might proceed without any such petition it is perhaps not necessary to determine. If such petition is necesssary, we should, I apprehend, presume its existence and regularity, as we do always make all reasonable presumptions in favor of judicial and other analogous proceedings. *Corliss* v. *Corliss*, 8 Vt. 373. *Omnia rite acta* will always be presumed.

The only irregularities in this case, which seem to us of a serious character, are those in regard to notice to those interested in the road, and those having claim for damages,—which, in the present case, is only the plaintiff. We think the most which can be claimed in regard to that, in the present case, is, that it amounted to *no notice at all.* Perhaps it did amount to this. But we do not think, that this omission of the former selectmen made the whole proceedings a nullity, to such an extent as to render the defendants trespassers for building the road.

The manner, in which the names of the selectmen were subscribed to the survey bill, although not the most common, was well enough, perhaps, as the three had examined the subject and determined to lay the road, and had decided upon the place where to lay

it.   All that was necessary, in addition to this, was, to have a description, or survey, of the road, and a survey bill made in proper form for record.   This was a merely ministerial act, and might as well be done by one, as by all.   The conflict between the testimony of the two selectmen, as to the day it should have been recorded, seems unimportant, as they all clearly did acquiesce in the act of putting it on the record.

All the notice spoken of in the statute, to be given by selectmen, is either to the petitioners, or the land owners.   The petitioners do not complain.   The only land owner complaining is the plaintiff. The omission, in the present case, may be a flagrant one ; but the effect upon the proceedings of the selectmen must be the same, whether the selectmen act in good faith, or bad faith,—with reasonable circumspection and deliberation and fairness, or the contrary,— when the land owners are known and notorious, or wholly unknown. And we do not think, it could have been intended to render void the act of the selectmen in laying the road, for the omission to notify one of the land owners, or some one who might have an interest in the land across which the road was laid.   The statute was intended as a direction to the selectmen in their duty, and perhaps to impose an obligation upon them, which, if they did not perform, when they might, should form the ground of an action in favor of any one aggrieved, but nothing more.   Any other construction would savor of unreasonable strictness.

The conclusion, then, upon this point, is,—1. That the party injured may have his redress against the party in fault, perhaps, but clearly not against these defendants, who had nothing to do in that transaction ;—2. That he may, after the road is laid open for travel, under the statute of 1845, when he had no notice of the opening of the road for travel, apply for a re-assessment of damages,—or, under the Revised Statutes, chap. 20, sec. 26, may apply to the county court for a commission, to revise the whole proceedings.

Judgment affirmed.