### The State *v.* The Town of Vernon.

*Towns, Highways, &c.*

Where a highway was laid out along the side of a railroad, and in places was laid in part upon the land taken by the Railroad Co., *it was held,* that the town being a party to the adjudication of the County Court, establishing the road, and to the order of the court for making and opening the highway, the adjudication is binding upon the town, and cannot be set aside in this collateral manner.

And the adjudication of the County Court being thus conclusive upon the town, they cannot repudiate, in this collateral manner, the effect of that adjudication, by attempting to stand upon the rights of the Railroad Co.

Indictment for the neglect of the town of Vernon, in not opening and making a highway, laid out and established by the County Court. Plea, not guilty, and the issue to the court.

On trial, the laying out and establishing of the said highway, and the order for making and opening the same, was proved as alleged in the indictment.

The town then offered testimony, tending to prove that said highway was laid out along and near the east side of the Vermont & Massachusetts Railroad; and that in one place, where the depot grounds of the railroad extended more than ten rods from the track, the survey of said highway in its western line extends upon said land of said railroad corporation; and that in another place,

where the said railroad crossed a deep cut, about twenty rods in length, and about seventy feet in depth, and the land of said railroad was there thirteen rods wide, and the track in the center, and the earth of the fill extended to the limits of the thirteen rods, the survey of the highway extended its whole width upon said railroad fill, except a strip of about ten feet wide at the north end, and of about twenty feet wide at the south end of the fill, and the highway, if made, would have to be made upon said fill, by enlarging the same to receive said highway ; and in one place, at the north end of said cut, the western line of the survey of the said highway would extend nearly to the center of the said railroad.

It also appeared, that the commissioners, who laid said highway, gave notice to the engineer of said Railroad Co., of the laying of said highway, and also to Mr. Goodhue, one of the directors of said Railroad Co., and that he was present, and then understood how the highway was laid ; and that no objections have ever been made on the part of the said Railroad Co., either to the commissioners or to the court, against the said highway being so surveyed and made.

The County Court, April Term, 1852,—COLLAMER, J., presiding,—rendered judgment against said town.

To which said town excepts.

*E. Kirkland* for defendants.

1. When the legislature have, by charter, granted to a corporation the right to construct a railroad, and the corporation, under their charter, have laid out and constructed the same, neither a public highway nor another railroad can be laid out, or built *longitudinally* directly on the track or bed of the road, unless the entire franchise be taken and paid for. *Fowler* v. *Pratt et al.*, 11 Vt. 369. *West Boston Bridge* v. *Co. Commissioners*, 10 Pick. 270.

2. The road not being legally laid out and established, the town are under no obligations to make it, and cannot be indicted for not doing it. *Commonwealth* v. *Charlestown*, 1 Pick. 180.

3. The fact that notice was given to the engineer and one of the directors of the company, at the time the highway was laid out, and that no objection has since been made to the location, by the corporation, can have no bearing upon the question. The case does

not show that Goodhue ever consented to the location, or that he had authority from the corporation to act in the premises.

The corporation have only acquired an easement, and when that ceases, the soil reverts to the original owners, and therefore have no power to encumber it with an additional easement. *People* v. *White*, 4 Law Reporter, 177.

*R. W. Clark* for the State,

Insisted that all questions of notice to the parties, assessment of damages, and requirements of the public good, rested solely with the County Court, as matters of discretion, and having been passed upon in that court, cannot be subjects of inquiry here. *West River Bridge Co.* v. *Dix et al.*, 16 Vt. 446.

2. The right of the public to take corporate property for public purposes, we think was fully recognized and settled in *Charles River Bridge* v. *Warren's Bridge*, 11 Peters 539, and in *Armington et al.* v. *Barnet et al.*, 15 Vt. 745. See also, Comp. Stat. Chap. 22, § 68 and 69.

3. The public have taken no *franchise* in this instance, and the company do not complain; and the *proviso* of the 68th section of chap. 22, of the Comp. Statutes, is not to be construed so as to compel the public, taking a *part only* of the real estate easement or franchise of a corporation, to take the *whole* of the same, unless the corporation shall so choose, and certainly nothing appears in this case to indicate any such wish on the part of the corporation.

The opinion of the court was delivered by

BENNETT, J.   The only question in the case is, whether the town, upon the trial, could avail themselves, before a traverse jury, upon a plea of not guilty, of the fact, that the road was laid out along the side of the Vermont and Massachusetts Railroad; and that the road, in places, is laid in part upon land taken by the railroad company for railroad purposes.   We do not learn that any objections have come from the railroad company, or from any one in their behalf, against the laying the road, or against the town's working it.   The town was a party to the *adjudication* of the County Court, establishing the road, and to the order of the court for making and opening it, and they are binding upon the town, and cannot be set aside in this collateral manner.   This matter might, and ·

perhaps was, urged as a reason why the County Court should not have established the road, but whether it was or not, is not material to this case. If the railroad company should attempt to establish a right paramount to the public, to any portion of the ground where the road was laid, it will then be in time to pass upon their claim, and the effect of the adjudication of the County Court, as to the railroad company. As the adjudication of the County Court is conclusive upon the town, they cannot, in this collateral manner, repudiate the effect of that adjudication, by attempting to stand upon the rights of the railroad company, between whom there is no privity. If the town have not a right paramount to the railroad company to occupy that portion of the ground where the road, as laid, encroaches upon the railroad grounds, it might furnish a reason why there should be a re-survey of the road, or why it should be discontinued, and this may be a proper course for the town to pursue. If the road was laid upon the railroad grounds by the consent of the railroad company, it may be that even they would now be concluded from making any objection; but this is a point not before us.

The judgment of this court is, that the defendant take nothing by his exceptions.