JAMES M. HAYNES *v.* RALPH LASSELL.

*Discontinuance of a highway.*

A highway may be discontinued without any previous notice to the land-owners across whose land the road lies.

If notice to them were necessary, and the selectmen should have proceeded and ordered a road discontinued, it would be presumed that their preliminary proceedings of notice, &c., were regular. If no notice was given to the land-owners, the discontinuance could not, on that account, be collaterally attacked, but only in a proceeding instituted for the purpose of vacating it.

TRESPASS ON THE FREEHOLD; general issue and a justification; trial by the court, December Term, 1855,—PIERPOINT, J., presiding.

The plaintiff proved that in August, 1854, the defendant entered his (the plaintiff's) enclosure by taking down the fence and driving, with a team, several times across a field of potatoes then growing.

The defendant claimed that the land over which he passed with his team was a public highway which the plaintiff had wrongfully obstructed by placing a fence thereon; and it was admitted by the plaintiff that until the month of April, 1854, the premises entered upon and passed over by the defendant, was an open public highway; but he claimed that the same was then discontinued and ceased to be a public highway, and that he had a right to enclose the same as he did. To prove that said highway was discontinued, the plaintiff offered in evidence the record of a warning dated February 27th, 1854, and the proceedings of a town meeting held 14th March, 1854; so much of which as related to said highway were as follows:

*Eighth article in the warning.* "To see whether the town will vote to discontinue the highway leading from the four corners, so called, near Ebenezer Allen's, south to the intersection of the road leading from the new dock to the village of St. Albans."

*Proceedings of the town meeting.* "Voted to discontinue the road from Ebenezer Allen's south to the road leading from the new dock to the village of St. Albans, where said roads intersect."

He also offered in evidence the record of a petition to the selectmen for the discontinuance of the above named highway, together with the record of the decision and order of the selectmen thereon, dated April 18th, 1854, which order was as follows: "In accordance with the above petition, and in compliance with a vote of the town to discontinue said road, we hereby order the above road to be discontinued."

The defendant objected to the admission of all of said records, but the court overruled the objection and admitted them.

It appeared that the portion of the highway enclosed by the plaintiff was the one-half of that portion of it which adjoined his premises.

The court decided that the plaintiff had a right to inclose so

much of the old highway as he had done, and rendered judgment in his favor; to which decision and judgment the defendant excepted.

*H. R. Beardsley*, for the defendant.

The highway was not legally discontinued, no notice respecting it having been given, and the return of the selectmen not stating that any notice was given; Comp. Stat. 162, secs. 10, 11.

*Aldis & Burt*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.    The only question in the present case is in regard to the discontinuance of a town highway. The town, at their regular March meeting, voted to have the road discontinued upon previous notice in the warning to that effect, and the selectmen, upon the petition of the requisite number, ordered the road to be discontinued, and made the proper record in the town clerk's office.

The return of the selectmen does not show any hearing in regard to the matter, or any notice to any one in regard to it; and from the nature of the case and the decision of this court in *ex parte Bostwick*, 1 Aik. 216, it would seem questionable whether the same notice to land-owners across whose land the road lies is requisite in the discontinuance of a highway, as in laying one. The petitioners should undoubtedly have notice, and there is no complaint here from that quarter. But in regard to the land-owners the case is somewhat different whether a road is to be laid or discontinued. In the one case their property is to be taken for public use, which can only be done upon proper compensation. And in regard to the extent of such compensation they have a direct pecuniary interest, and are entitled to be heard. The condemnation of land for the use of a highway is in the nature of a judgment *inter partes*, to the validity of which, notice, actual or presumptive, is indispensable. But the discontinuance of a highway, although a judgment in some sense, operates *in rem* altogether. There is nothing in the nature of a judgment *inter partes*. The land-owners may be interested to a greater extent than others, but the interest is of

precisely the same quality as that of any other person. It is an interest of a public character in the use of the road. It is obvious that the provision in the statute requiring notice to land-owners, has exclusive reference to cases of laying roads, as the selectmen are to give notice when they will hear claims for damages, which do not exist, of course, when roads are discontinued.

But if we hold that such notice is necessary to the land-owners even, according to the settled rule of decision in this court, the *factum* of discontinuance is *prima facie*, and until set aside by some proceeding taken for that purpose, binding and of force, and the preliminary proceedings to be presumed to have been regular. Any other course of decision would be attended with incalculable embarrassment, and would invite endless controversy for a succession of years. While this course, by leaving the party aggrieved to his redress by *certiorari mandamus* or other proper remedy, denies no one speedy relief, and at the same time shields those from injury who have acted in good faith, and honestly endeavored to pursue the law. This is fully decided in *Kidder* v. *Jennison,* 21 Vt. 108.

Judgment affirmed.