## ALEXANDER SLICER v. TOWN OF HYDE PARK.

### [IN CHANCERY.]

*Mortgage.  Highway.  Foreclosure.*

1. A mortgagee of a farm is not entitled to a decree of foreclosure against a town of its interest in a highway, although it was laid through the mortgaged premises after the execution of the mortgage, the damages paid to the mortgagor, no notice given to the mortgagee, and the property worth less than the debt.
2. R. L. s. 2932, laying out highway, damages—construed.

PETITION to foreclose a mortgage.   Heard on demurrer, December Term, 1881, POWERS, Chancellor.   Demurrer sustained, and petition dismissed.

*P. K. Gleed*, for the orator.

The highway is an encumbrance.   *Butler* v. *Gale*, 27 Vt. 739. The act of 1856 only makes a highway no breach of the covenant, but does not affect its character as an encumbrance generally.   The orator is entitled to his land, or the damages.   Jones Mort. ss. 707–8.   The bill contains a prayer for general relief, so that the court can decree money as damage.

*Brigham & Waterman*, for the defendant.

The mortgagee out of possession is not the owner of the land, and so not entitled to notice on laying the highway.   4 Kent Com. 160 ; 2 Greenl. Cru. Real Pr. 81, 96 ; 2 Wash. Real Pr. 155–6 ; *Hooker* v. *Wilson*, 12 Vt. 695 ; *Cooper* v. *Cole*, 38 Vt. 185.   The mortgagor is the owner and so entitled to the damages. *Farnsworth* v. *Boston*, 126 Mass. 1 ; *Pond* v. *Eddy*, 113 Mass. 149 ; *Norwich* v. *Hubbard*, 22 Conn. 587 ; *Whiting* v. *New Haven*, 45 Conn. 304.

31

The opinion of the court was delivered by

Ross, J. This is a petition .to foreclose a mortgage. The defendant demurs thereto. The substantial facts admitted by the demurrer are : that in 1871 the orator became the mortgagee of a certain farm in the defendant town by a mortgage from Levi F. Ricker ; that while Ricker was in possession of the farm the selectmen of the defendant town, by agreement with Ricker, and without notice to the orator, laid out a highway across the farm ; that Ricker afterwards sold to McAllister ; that the orator foreclosed against McAllister and subsequent mortgagees, who did not redeem ; and that the farm is worth less than the amount of the orator's mortgage debt. He prays for a bill of foreclosure of his ·mortgage against the town. The suit has at least the merit of novelty. The orator does not claim that the laying out of the highway was illegal and void ; but admits by implication that a legal highway has been established across the farm, and asks to have the town redeem his mortgage or be foreclosed. Foreclosed of what ? The town does not own the highway. A highway is an easement in the public, the right in the public to use the soil, the fee of which remains undisturbed in the owner, for passing and repassing thereon, and for such other purposes as highways are used. This right in the public is acquired by the exercise by the State of the right of eminent domain. The State exercises this right through the officers of the town as to highways wholly located within the town, and casts the burden of its exercise upon the town. The town, as such, acquires no easement or right in premises over which its officers agreeably to statute law lay out a highway. The town, through its officers, is but the hand of State in the establishment and maintenance of highways for the use of the public. The town owns nothing in the highways established by it. It is charged by the State with the duty of making and maintaining them. All that the town takes is this burden but no exclusive right, no right peculiar to its inhabitants over those of any other town or State, and for its inhabitants only the same right which the rest of the travelling public has. Although a highway is an encumbrance, the town in which it is located, though charged with the duty of maintaining it, does not own it, and has

nothing in it of which it can be foreclosed. These are elementary principles. Angell on Highways, ss. 301, *et seq.*

It is also elementary that a bill in chancery cannot be maintained when a party has full and ample remedy at law. Section 2932, R. L., provides the orator full and ample remedy for the injury complained of, if it was an injury to him, and if his interest in the farm at the time the highway was laid out was such that he was entitled to notice and compensation.

In any view of the case the decree of the Court of Chancery sustaining the demurrer and dismissing the bill was correct, and that decree is affirmed, and the cause remanded.