L. S. BROCK & OTHERS *v.* TOWN OF BARNET.  L. S. BROCK *v.* TOWN OF BARNET.

*Highway.  Pent Road.  Winter Road to Wood Lot.  Waiver. Mortgagee.*  R. L. s. 2932.

1. Selectmen can lay out a pent road for winter use over one man's land to another man's wood lot, although it is laid for the special convenience of the owner of such lot.

2. The road may terminate at the farm line of such owner, instead of being extended to his buildings.

3. The fact that one of the petitioners was not a freeholder does not affect the action of the selectmen in establishing the road.

4. When notice has been given, and a party appears before selectmen on a question of laying a highway, and makes no objection to the sufficiency of the notice, he waives the objection.

Brock *v.* Town of Barnet.

5. *Waddell's Appeal,* 84 Pa. St. 90—a mere private way—distinguished.
6. When a road is established over mortgaged premises, the statute—R. L. s. 2932—
affords ample remedy to the mortgagee.

PETITION for the discontinuance of a highway. Heard on commissioner's report, December Term, Caledonia County, Ross, J., presiding. Report accepted, and petition dismissed.

It appeared that in March, 1877, William Carrick and three others petitioned the selectmen to lay out the way in question, and that in a short time it was laid out.

The following is a description, in part, of the way established:

" Said right of way is to be one rod wide, eight feet three inches on each side of the above described course, subject to bars at both ends; and not to be used as a right of way in spring after the ground is in suitable condition to receive a crop, and to remain inaccessible as such until after the crop is harvested."

On December 27, 1879, the said Carrick and two others petitioned the selectmen to change the survey and location of the said way. On the 29th of the same month there was a hearing by the selectmen as to this petition, and the request of the petitioners was granted; and the way was ordered to be opened on the 30th day of the same month; and said Brock was notified to remove his obstruction on that day. There were two petitions,—one signed by said Brock, and one by said Brock and three others, praying for the discontinuance of the said way. The commissioners reported, in part:

" That the road in question extends from the southwest corner of Carrick's farm, across Brock's field to a barway upon the highway leading past Brock's house; that the said road in controversy does not extend easterly beyond the division line between said farms, and does not at its easterly terminus connect with any public highway; and said easterly terminus is fifty-four rods from Carrick's farm buildings; that Carrick in going from his house to his wood lot and pasture by public highway, and not over the road in

controversy, goes to the Centre meeting-house, and thence past Brock's house and said barway; and by this route the distance from said Carrick's house to said barway is four hundred and forty-seven and one-third rods, over a hilly road; that Carrick in going to his wood lot and pasture by the road in controversy, goes fifty-four rods across his own field and then thirty-one rods over said road in controversy to said barway, and the surface is comparatively smooth, and there is not much hill or grade, thus by this route saving one mile forty-two and one-third rods in distance, and getting a better road; that Carrick hauls his wood from and makes his sugar upon said wood lot; that Carrick is the only person who travels and uses said road in controversy to any extent, and he uses it only in going to and from said wood lot and pasture; that he has purchased said wood lot and pasture since he has resided on his said farm and before said road in controversy was laid out; that said road in controversy was laid out for his individual convenience, and he advanced to the town of Barnet the sum awarded Brock for land damages, which sum was tendered to, but has never been received by, said Brock.

"We find that Gilman, who signed the original petition upon which the selectmen altered the road in controversy, was not, when he signed the petition and when the alteration was made, a freeholder in the town of Barnet; that the written notice upon the hearing of that petition on December 29, 1879, was delivered to Lucius Brock on December 27, 1879, and a verbal notice was given to him by one of the selectmen on December 28, 1879; that he received no other notice of said hearing; that at the time of hearing, Brock forbade any action about said road in controversy, but took no other part in that hearing; that when said road was altered the time fixed for vacating the land was not fixed with Brock's consent. The only obstruction was a single length of fence across a culvert.  *   *   *   *

"We further find that in 1878 the petitioner brought a petition for the discontinuance of this same road; that the selectmen refused to discontinue it; that he then petitioned the County Court for the appointment of commissioners, who were appointed, examined the road, heard the parties, and reported to the court that the road ought not to be discontinued; the report was accepted, the petition dismissed,

the cause passed to Supreme Court, and judgment there affirmed, but without any hearing."

It also appeared that the land, over which the way was laid, was mortgaged; that the mortgage had been assigned, and no record of the assignment had been made, but one of the selectmen who made the alteration knew that the assignee was the owner of the mortgage, and that no notice was given to the assignee.

*Pitkin & Huse*, for the petitioners.

The property of one cannot be taken for the mere convenience of another. R. L. ss. 2913, 2914, 2923; Const. Vt. c. 1, Arts, 1, 2; Cool. Con. Lim. 530; Ang. High. s. 87; *Tyler* v. *Beacher*, 44 Vt. 648. The State has not constitutional power to take Brock's land for the individual convenience of Carrick. Const. Vt. *supra ;* Cool. Con. Lim. *supra ; Waddell's Appeal*, 84 Pa. St. 90. Public revenue cannot be appropriated to maintain the road. Cool. Tax. 67; Hill. Tax. 17. Brock cannot prevent the use of the way except by getting it discontinued. *Brown* v. *Brown*, 50 N. H. 538; *Haynes* v. *Lassell*, 29 Vt. 157. The former proceedings are no bar. R. L. s. 2945; *Ferguson* v. *Sheffield*, 52 Vt. 77; *Crawford* v. *Rutland*, Ib. 412. The notice was not sufficient. R. L. ss. 2922, 3041; *Woodhouse* v. *Burlington*, 47 Vt. 300; *Haynes* v. *Lassell*, *supra*. The mortgagee should have had notice. R. L. s. 2922.

*Belden & Ide* and *Safford*, for the defendants.

The highway was properly laid by the first board of selectmen. It was and is open to all who choose to travel it at the seasons of the year when it is a highway. That one person has occasion to use it more than all others is immaterial. The tests as to whether a taking of private property is for public use, or not, are not how many in point of fact do use the alleged public works; but, is it of the character known as public, is it open to the public use, is it un-

der the control of the public, is it similar in character and purpose to conceded public uses? One man who lives at a distance from any public road, is entitled to have a public road to his house, open to all who choose to travel it, because he pays his share of the tax to build and maintain other highways.

Selectmen can lay out pent roads for the benefit of a single family. *Whitingham* v. *Bowen*, 22 Vt. 317; *Paine* v. *Leicester*, Ib. 45; *Armington* v. *Barnet*, 15 Vt. 749; *Tyler* v. *Beacher*, 44 Vt. 648; *Denham* v. *Co. Commissioners*, 108 Mass. 202; *Proctor* v. *Andover*, 42 N. H. 348; 77 Pa. St. 39; *Allen* v. *Stevens*, 29 N. J. L. 509; *Mt. Wash. Road Co.* 35 N. H. 134. It was not necessary to give notice to the mortgagee. R. L. s. 2932; *Slicer* v. *Hyde Park*, 55 Vt. 481. No petition was required; an insufficient one could do no harm. R. L. s. 2914. The former judgment ought to be a bar. *Ferguson* v. *Sheffield*, 52 Vt. 77; 31 Conn. 601.

The opinion of the court was delivered by

ROWELL, J. If the selectmen had authority to lay this road in the first instance for the convenience of a single individual, the commissioners think it ought not to be discontinued.

We shall not enter into an extended discussion of this question, for upon the facts reported we think we cannot say that this was a taking of private property for private use without the consent of the owner, as is contended.

Though the way was laid out for Carrick's special convenience, yet it is a public way, and Carrick has no right in it nor control over it except in common with the rest of the public, and the easement therein is exactly the same that it is in all other ways laid out by public authority.

It is objected that the public can have no beneficial use of this way because it leads to nowhere from the highway with which it intersects, but stops at Carrick's farm line, fifty-four rods from his farm buildings. But pent roads are

frequently laid only to the land of the persons to be specially accommodated thereby, while they construct connecting ways across their own land, and thus secure the needed outlets; and we think that the laid-out portions of such ways are a part that towns may lawfully supply without supplying the whole way.

The petitioners rely on *Waddell's Appeal,* 84 Pa. St. 90. But that was a case of a mere private way, not connected with any public way, laid under a statute purporting to authorize the laying of private ways; and the court held the act unconstitutional. There are such cases in many of the States, arising under similar statutes; but they are not in point. *Denham* v. *County Commissioners,* 108 Mass. 202; *Paine* v. *Leicester,* 22 Vt. 44; *Loveland* v. *Berlin,* 27 Vt. 713.

That one of the three petitioners for the alteration of said highway was not a freeholder does not vitiate such alteration. The statute that three or more freeholders may petition to have a highway laid out, altered, or discontinued, was designed to afford a mode of *compelling* action by the selectmen; but they *may* act without a petition, or upon an improper one, and have their action good, for their *action* is the vital thing, however induced.

That Brock did not have sufficient notice in the respect complained of was dilatory matter; and when he appeared before the selectmen and objected to any action by them, but did not object for want of sufficient notice, he must be deemed to have waived that objection.

The holder of the mortgage has ample remedy for the enforcement of whatever rights he has under s. 2932, R. L. *Slicer* v. *Hyde Park,* 55 Vt. 481.

Judgments affirmed.