J. S. ROBINSON v. C. M. WINCH.

GENERAL TERM, 1893.

*Laying out of highway.   Record of selectmen.   Notice to
landowner.   What omissions will avoid their
proceedings.   Description.*

1.  The action was trespass against the defendant for entering
    upon the land of the plaintiff and working a highway which
    the selectmen had laid out.   The record did not show that
    the selectmen notified the plaintiff of a time and place when
    and where they would hear him as to the necessity of the
    highway, but did show that they heard "all parties inter-
    ested, as the law requires."   *Held*, that this sufficiently
    showed that the plaintiff was heard, being an interested
    party, and that so long as he was actually heard, he could
    not object to any informality in the notice.

2.  The record did not show that the plaintiff was heard upon
    the question of land damages, or notified of a time and
    place for such hearing.   *Held*, that the plaintiff could not
    attack the proceedings in this collateral manner; that his
    remedy was under R. L., s. 2932.

3.  The description of the highway in this case was sufficiently
    definite.

4.  The omission of the selectmen to fix a time within which the
    plaintiff should remove his wood, fences, etc., did not affect
    the validity of their acts in laying out the highway.

5.  The omission to file a certificate in the town clerk's office
    that the highway was open for travel was immaterial, since
    the alleged trespasses were committed in working the high-
    way before such a certificate should properly have been
    filed.

6.  A road may be a public highway although it connects with a
    private way.

Trespass *quare clausum*. Pleas, the general issue, and
that the trespasses complained of were done in the construc-
tion of a public highway. Trial by court at the March
term, 1893, Washington county, TAFT, J., presiding.
Judgment for the defendant. The plaintiff excepts. The
facts appear in the opinion.

*Geo. W. Wing* for the plaintiff.

The survey of the highway was insufficient, in that no
permanent monuments are referred to. *State* v. *Lincoln*,
33 Vt. 653 ; *Wilson* v. *City of Lynn*, 119 Mass. 174.

*John W. Gordon* and *Barney & Hoar* for the defendant.

The action of the selectmen in laying out the highway is
in the nature of a judgment which cannot be attacked collat-
erally. *State* v. *Vernon*, 25 Vt. 244 ; *Kidder* v. *Jennison
et al.*, 21 Vt. 108 ; *Haynes* v. *Lassell*, 29 Vt. 157 ; 1 Black
Judg., ss. 245, 246.

If the plaintiff is aggrieved he has mistaken his remedy.
R. L., ss. 2959, 2932 ; *Rand et al.* v. *Townshend*, 26 Vt.
670 ; *Brock* v. *Barnet*, 57 Vt. 172 ; *Slicer* v. *Hyde Park*,
55 Vt. 481 ; *Kidder* v. *Jennison et al.*, 21 Vt. 108.

The record shows that the plaintiff was heard, and by
failing to object then to the notice he has lost his right to do
so. *Brock* v. *Barnet*, 57 Vt. 172 ; *Slicer* v. *Hyde Park*,
55 Vt. 481.

START, J. The defendant, as one of the board of se-
lectmen of the town of Barre, entered upon the plaintiff's
land for the purpose of laying out a highway. The select-
men laid out a highway over the plaintiff's land, and the
defendant subsequently entered upon the land over which
the highway was laid and built the highway.

It does not affirmatively appear that the selectmen notified

the plaintiff of the time when, or the place where, they would hear him upon the question of whether the public good or convenience of individuals required such highway; but it does appear from the record that they heard "all parties interested, as the law requires." The plaintiff was an interested party, and it sufficiently appears from the record that he was heard upon this question; and it does not appear that he made any objection on account of the insufficiency of the notice. By thus appearing and being heard he waived any objection he might have taken on account of the insufficiency or want of notice. *Brock* v. *Barnet*, 57 Vt. 172.

It does not appear from the record that the plaintiff was heard upon the assessment of his land damages, or that he was notified of the time and place of hearing claims for damages. For this omission of the selectmen the plaintiff cannot attack their doings in this collateral manner. *State* v. *Vernon*, 25 Vt. 244; *Haynes* v. *Lassell*, 29 Vt. 157. He has his remedy under R. L., s. 2932. In *Slicer* v. *Hyde Park*, 55 Vt. 481, it is held that a mortgagee of land, over which a highway is laid out without notice to him, has, under this section, ample remedy for the enforcement of his rights.

It is claimed that the record of the laying out of the highway is defective, in that no permanent monuments are established at either end. The highway commences at the northerly end of the highway, or pent road, leading past the dwelling house of J. S. Robinson at a point near where there was formerly a starch factory, the pent road being described in volume 2, p. 216, of the town records of Barre. The point of commencement is thus fixed with sufficient certainty, and, by following the courses and distances indicated in the record, to the land of Henry Upton, the other terminus is ascertained with certainty. The court below found the survey and record sufficient, and we think there

is not such uncertainty in the records in this respect as ought to render the doings of the selectmen void. *Kidder* v. *Jennison et al.*, 21 Vt. 108.

The omission of the selectmen to fix a time in which the plaintiff should remove his wood, fences, etc., as is provided in R. L., s. 2926, did not affect the validity of their acts in laying out the highway. *Kidder* v. *Jennison*, *supra*.

The selectmen did not make and file in the town clerk's office a certificate that the highway was open for travel until after this suit was brought. The claimed trespasses were committed by going upon the plaintiff's land for the purpose of laying out the highway and building the same, and these acts necessarily preceded the making and filing of the certificate. The selectmen could not properly make this certificate until the highway was worked and ready for travel. R. L., s. 2929; *Patch* v. *Doolittle*, 3 Vt. 457. It does not appear that the highway was worked and ready for travel, so that the selectmen could have filed their certificate earlier than they did; and we cannot say that the certificate was not seasonably filed.

It is objected that this is not a public highway, because it does not connect with a public way. The highway connects with Henry Upton's prescriptive way over the plaintiff's land, and appears to have been laid out for Upton's benefit. The case of *Brock* v. *Barnet*, *supra*, is sufficient authority for holding that the highway thus laid out is a public way. In that case, the highway was laid out for the special benefit of one Carrick, and stopped at his farm line fifty-four rods from his farm buildings; and it was held to be a public way.

*Judgment affirmed.*