CLARK SNOW AND OTHERS

v.

TOWN OF SANDGATE.

MAY TERM, 1894.

*Highway. Road in which public can have no interest is not. Eminent domain. Estoppel.*

1.  The state cannot take private property for private use.

2.  A road which begins and ends upon the lands of a single individual, does not connect with or intersect any other highway, is not accessible to any other person without trespassing upon the lands of such individual, and is not required by the public good nor the convenience and necessity of any other person but him, is not a public highway and cannot be laid *in invitum.*

3.  Upon a petition to the county court for the laying of such a highway the fact that a pent road had been previously laid by the town upon condition that it should continue as long as certain conditions were observed by the petitioner, and was subsequently discontinued by the town while the petitioner was in the full observance of such conditions, is immaterial, for the proceeding is not to determine whether there is already a road there.

4.  *Dictum,* the town, having no authority to lay the pent road originally, would not probably be estopped by its proceedings in that respect.

Petition for the laying of a highway.   Heard upon the report of commissioners at the December term, 1893, Bennington county, Ross, C. J., presiding.   Judgment dismissing the petition, with costs to the petitionee.   The petitioner excepts.

The petitioner, Clark Snow, was the owner of a farm,

upon which he resided, in the town of Sandgate, and was also the owner of another lot in that town upon Moffet mountain, which was known as the mountain lot. A highway ran by the home farm and another highway ran through the mountain lot, intersecting the first mentioned highway, so that communication could be had between the mountain lot and home farm by means of these two highways. The distance, however, was nearly a mile and a half by this route, and the road running through the mountain lot was so steep and rocky as to be almost impassable.

The mountain lot was separated from the home farm by a strip of land forty rods wide owned by one Moses Flower, and by the laying of a road across this forty rods strip convenient access could be had from the mountain lot to the home farm.

In 1878 the selectmen of the town of Sandgate, upon due petition, had laid out a pent road across this strip, connecting the mountain lot with the home farm upon condition that the petitioner, Snow, should pay the damage incident thereto, and should file a bond conditioned to save the town harmless at all times from any damage arising from the laying out and the maintenance of such road. At that time Snow did pay the damage and did file such a bond, and had saved the town harmless from all damage in respect to said pent road up to January, 1892, at which time the said road, upon a petition for that purpose, was discontinued by the selectmen. Thereupon a petition was preferred for the relaying of said road. The commissioners laid the road as prayed for. With reference to it they reported that said pent road

"Begins and ends on the private lands of Clark Snow; that it neither begins nor ends nor intersects with any public highway nor pent road; that it is not accessible to any person or persons other than said Snow without trespassing upon the lands of said Snow, and that neither the public good nor the necessities or convenience of individuals other than said Snow required the laying out of said road."

*H. K. Fowler* and *W. B. Sheldon* for the petitioner.

Both the land owner and the town are estopped by the proceedings in reference to the former laying out of this pent road from objecting to its continuance.   Her. Est., pp. 498, 509. ss. 522, 538; *Felch* v. *Gilman   et al.*, 22 Vt. 41; *French* v. *Holt*, 53 Vt. 368.

If a way is open to the public the fact that it is primarily for the convenience of a single individual does not deprive it of its quality as a public highway.   *Ferris* v. *Bramble*, 5 Ohio St. 509; *Bell* v. *Prouty*, 43 Vt. 279; *Whitingham* v. *Bowen*, 22 Vt. 317; *Proctor* v. *Andover*, 42 N. A. 348.

*O. M. Barber* for the defendant.

Private property cannot be taken except for a public use. Const. Vt., Ch. 1, Art. 1, 2; *Tyler* v. *Beacher*, 44 Vt. 651; *Williams* v. *School Dist.*, 33 Vt. 271; *People* v. *Salem*, 20 Mich. 481; *Commonwealth* v. *Cambridge*, 7 Mass. 166; Ang. High., p. 70; Cool. Const. Lim., 652-654.

A road which can only be used by a single individual is not a public highway.   *Bankhead* v. *Brown*, 25 Iowa 546; *Taylor* v. *Potter*, 5 Hill. 140; *Osborn et al.* v. *Hart*, 24 Wis. 89; *Dickey* v. *Tennison*, 27 Mo. 372; *Sherman* v. *Bruick et al.*, 32 Cal. 241; *Scholl* v. *German Coal Co.*, 118 Ill. 427; *Blackman* v. *Halves*, 72 Ind. 515; *Stewart* v. *Hartman*, 46 Ind. 332; *Saddler* v. *Layman*, 34 Ala. 311; Cool. Const. Lim., 652; *Denham* v. *County Commissioners*, 108 Mass. 207.

Where the report of commissioners shows that the highway is for the sole benefit of a single individual, it cannot be laid.   *Underwood* v. *Bailey*, 59 N. H. 481.

ROWELL, J.   The State is not authorized to take private property for private use without the consent of the owner, even by paying therefor an equivalent in money;

for the Constitution, by declaring only that private property ought to be subservient to public uses when necessity requires it, by implication declares that it ought not to be subservient to any other uses without the consent of the owner.

The commissioners find that the road prayed for begins and ends on the private lands of the petitioner Snow; that it neither begins, ends, nor intersects with any public highway, and is not accessible to any person but Snow without trespassing on his land; and that neither the public good nor the necessity nor convenience of individuals, other than Snow, requires it to be laid. It also appears that said private lands border on a highway from which they are accessible.

·This is a clear case of taking private property for private use without the consent of the owner. The road is a mere private way, for the sole and exclusive use of Snow. It is not like the road in *Brock* v. *Barnet*, 57 Vt. 172, which intersected at one end with a public highway, and was, therefore, useable by the public as it had occasion; nor like that in *Robinson* v. *Winch*, 66 Vt. 110, which commenced at the end of a highway and ended at a prescriptive private way over the plaintiff's land.

It appears that in 1878 the selectmen of the defendant town laid a pent road in this same place—which was built and is now in repair—on condition that Snow would pay the land damages and all other expenses to the town occasioned thereby, and give the town a bond with sufficient sureties that he would ever after save the town harmless from all expense occasioned by laying the road, which condition Snow has thus far kept and performed; but notwithstanding that, the town, in 1892, discontinued the road. The petitioners now claim that by laying the road on the conditions named, which Snow has kept and performed, both the town and the landowner are estopped from inter-

fering with Snow in the use and enjoyment of the road. But this question does not arise, as this is a proceeding to lay the road *de novo*, and not a proceeding to determine whether there is a legal road already there or not. Besides, the laying of the road being *ultra vires* of the town, and the town receiving no benefit therefrom, it is probable that the doctrine of estoppel cannot be invoked against it. Bigelow, Estop. (3d Ed.) 466; I Dillon, Municip. Corp. (2d Ed.) s. 381; *Town of South Ottawa* v. *Perkins*, 94 U. S. 200.

*Judgment affirmed.*

Start, J., being engaged in County Court, did not sit.