## CHRIS. CHRISTENSON *vs.* EDWIN CARLETON.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Arbitration—Waiver.*

The evidence tended to show the following: A controversy was submitted to two arbitrators with power, if they should disagree, to appoint an umpire. The two heard the case and without attempting to decide it called in a third; whereupon a rehearing was had and an award made which was signed by all. *Held*, that if these were the facts, the award was invalid.

The defendant did not waive his right to object to the award by taking part in the rehearing if he, without fault, understood that the original arbitrators had tried to agree and failed. A waiver is an intentional abandonment of a known right.

DEBT on a written award. Plea, the general issue. Trial by jury at the March Term, Washington County, 1896, *Ross*, C. J., presiding. At the close of the testimony the court directed a verdict for the plaintiff for the amount of the award with interest and costs. The defendant excepted. The case is stated in the opinion.

*W. E. Barney* and *Frank J. Martin* for the defendant.

The two arbitrators were·not authorized to appoint a third until they had failed in an honest effort to agree. *Royse's Admr.* v. *McCall*, 5 Bush (Ky.) 695; *Traverse* v. *Beall*, 2 Cranch, C. C. 113; *McMahan* v. *Spinning*, 51 Ind.

187; *Daniel* v. *Daniel's Admr.* 6 Dana (Ky.) 98; *Sharp* v. *Lipsey*, 2 Bailey (S. C.) 113; Morse on Arb. and Award, 245; *Howard* v. *Edgell*, 17 Vt. 9.

There was no waiver by the defendant, for he did not know of the irregularity until after the award was made. *Boynton* v. *Braley*, 54 Vt. 92; *Hoxie* v. *Home Ins. Co.* 32 Conn. 40; *Lewis* v. *Phœnix Mut. Life Ins. Co.* 44 Conn. 72; *Kent* v. *Warner*, 12 Allen 563; *West* v. *Platt*, 127 Mass. 367; *Holdsworth* v. *Tucker*, 143 Mass. 369.

Moreover, whether the defendant had waived his right was a question for the jury. *Findeisen* v. *Metropole Ins. Co.*, 57 Vt. 520; *OKey* v. *State Ins. Co.*, 29 Mo. App. 105; *Fox* v. *Harding*, 7 Cush. 516; *Traynor* v. *Johnson*, 1 Head 51; *Farlow* v. *Ellis*, 15 Gray 229; *Smith* v. *Dennie*, 6 Pick. 262; *Kent* v. *Warner*, 12 Allen 563; *Coursin* v. *Penn. Ins. Co.* 46 Pa. St. 323; *Hale Mfg. Co.* v. *American Saw Co.* 43 Mich. 250.

*H. W. Scott* and *Richard A. Hoar* for the plaintiff.

The verdict was properly ordered. Awards are not set aside except for fraud or gross irregularity, and in this case everything was fair. *Soper* v. *Frank*, 47 Vt. 368.

The original arbitrators did not agree, therefore they "failed to agree," and were justified in appointing an umpire. At all events the defendant waived his right to object by taking part in the rehearing. *Blanchard* v. *Murray*, 15 Vt. 548; *Ranney* v. *Edwards*, 17 Conn. 309; *Van Cortlandt* v. *Underhill*, 17 Johns. 405.

The award is a judgment and cannot be collaterally impeached. *Woodrow* v. *O'Connor*, 28 Vt. 776.

Partiality, corruption and fraud, as grounds of defense to an award, are cognizable only in equity. *Emerson* v. *Udall*, 13 Vt. 477.

TAFT, J. This action is in debt upon a written award. The parties submitted a controversy as to a certain horse, and other disputes and claims, to the arbitrament and

award of Allen Bates and John McLaughlin, and stipulated that in case said Bates and McLaughlin failed to agree they, Bates and McLaughlin, should have power to select another arbitrator, and the decision of the majority should be final.

The award was signed by Bates, McLaughlin and a third person by the name of Jackman.

Upon trial the testimony tended to show the following facts, viz: That before the cause was heard, the two arbitrators proposed that Mr. Jackman, or some third man, should be called in to act with them, but the defendant objected and said to them to try it themselves. They accordingly heard the case and considered it, they then agreed between themselves that there was a great deal more to the case than they had any idea there was when they consented to hear it, and Mr. Bates proposed to call in the third man, and they did so,—when the three heard the case and made the award. Both of the arbitrators testified; McLaughlin, that, after they had heard the testimony they did not try to agree upon the case, and Bates, that the arbitrators neither disagreed nor agreed, and did not really try to do so, giving as a reason that he thought there was no use in it, that the defendant was not present when the arbitrators agreed to call in the third man and that they did not notify him that they had failed to agree. The defendant testified that he supposed the arbitrators, when they called in Jackman, had failed to agree; that he did not suppose they would be bold enough to call in another man after he had so strenuously refused to have them do so, unless they had disagreed.

Under the terms of the submission the defendant was entitled to have Bates and McLaughlin exercise their judgment in respect to the controversies submitted to them; and they had no right to call in Jackman to act as arbitrator unless, after they had heard the parties and their witnesses, they failed to agree in respect to the matters submitted to them. Until they did exercise such judgment

and fail to agree, they had no right to call in the services of a third arbitrator, and such proceeding and all subsequent ones were null.

It is insisted that the defendant waived that irregularity by proceeding with the arbitration. Had he known when Jackman was called in, that the arbitrators had not failed to agree and he had then proceeded with the arbitration, this claim might be tenable: but his testimony tended to show that he believed they had disagreed and was not aware that they had not disagreed until some days after the hearing. This was no waiver of the irregularity as he did not know what his rights were in that respect, supposing that they had disagreed. A waiver is an intentional abandonment of a known right.

These questions, whether the two arbitrators failed to agree, and whether the defendant voluntarily proceeded with the arbitration knowing that they had not failed to agree, are questions that should have been submitted to the jury. The court erred in not doing so and for that reason

*The judgment is reversed and cause remanded.*