GEORGE B. POST AND W. ALLSTON FLAGG v. THE RUTLAND
RAILROAD CO.

Special Term at Rutland, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 6, 1908.

*Railroads—Construction—Taking of Land for Right of Way—
Condemnation Proceedings—Preliminary Survey and Loca-
tion—Conclusiveness on Corporation and Landowners—
Statutes—Constitutionality—Master's Report—Insufficient
Findings.*

The preliminary survey and location of the right of way of a proposed
railroad, which P. S. 4393 requires to be made and recorded in
the town clerk's office, constitutes the taking of the land; and the
jurisdiction of the commissioners, subsequently appointed under
P. S. 4398 to appraise the land owners' damages, is confined to the
land so located and described.

The location determined upon must be ascertained from the survey
of record, which cannot be varied or modified by. extrinsic
evidence, and is conclusive on both the corporation and the land
owner.

In a suit in equity to restrain a railroad corporation from construct-
ing its railroad across the orator's land, where defendant claims
the right to do so under the power of eminent domain, it must
show that the condemnation proceedings on which it relies were
had strictly in accordance with the provisions of law.

In such case where, as to the certificate of location filed in the town
clerk's office in accordance with the requirements of P. S. 4393,
the master reports only that it erroneously described the land
in question as being the land of a person other than the orators,
and recited the survey thereof as beginning thirty-six feet south-
easterly from the southwesterly corner of the land of a named
person, when in fact it began that distance from the southeasterly
corner of that land, but that "such error would not deceive or
mislead a person examining the premises, as to the actual or

intended location thereof," the constitutionality of the statute under which the condemnation proceedings were had will not be decided until such additional facts are reported as will enable the court legitimately to determine whether the land in controversy is within the limits of the recorded location.

APPEAL IN CHANCERY. Heard at the September Term, 1906, Rutland County, *Miles*, Chancellor, on the pleadings and master's report. Decree, *pro forma*, dismissing the bill with costs to the defendant. The orators appealed.

The bill prays that the defendant be perpetually enjoined from constructing its railroad across the orators' land, alleging that defendant proposes to take the land necessary for that purpose under the eminent domain proceedings prescribed by V. S. 3814 to 3821, which proceedings the bill alleges are void for that no proper preliminary survey and location of its proposed road was ever filed by defendant in the town clerk's office, nor delivered to the orators.

The master reported that one George E. Royce owned a marble quarry situated about one hundred twenty rods from the main line of defendant's railroad; that he desired to have a spur track built at his expense and for his own use, from the main line of defendant's railroad across the orators' land, and the land of other persons, to said quarry, and contracted with defendant for its construction; that he acquired by purchase all the requisite right of way, except that over the orators' land, for the acquirement of which defendant instituted condemnation proceedings in August, 1902; that such proceedings were thereupon had as resulted in the appointment of three commissioners by two judges of the Supreme Court to appraise the orators' damages for the required land, who, after due hearing, awarded the orators one hundred and fifty dollars as their damages for the taking of the land in question, which they declined to accept; that at the hearing before said commissioners the orators filed objections to the commissioners' jurisdiction for that "no valid legal authority exists to take land by the right of eminent domain for the purpose aforesaid," and for that "no plan or description in writing was delivered to the owners or deposited in the clerk's office in the town in which the same was situated at least ten days before the appraisal, as required

by law''; that the commissioners overruled those objections and proceeded with the hearing; that since the commencement of this suit said spur track has been built from defendant's main line, across the orators' land, to said quarry, at the expense of said Royce, who built it for his own use in connection with his said quarry, and that no facilities for its use by the public at either terminal, or elsewhere, have been provided. The opinion quotes all that the master reports as to the contents of the certificate of location filed by defendant in the town clerk's office.

*Edward S. Marsh* for the orators.

''Condemnation proceedings are purely statutory, and in derogation of common right, and the statutory authority must be strictly pursued, and every condition or other pre-requisite to the exercise of the jurisdiction observed.'' ''Every requisite of the statute having the semblance of benefit to the land owner must be strictly complied with, and so must the portion of it in which the public have a general interest. Extreme accuracy and the utmost strictness are essential.'' 7 Enc. Pl. & Pr. 468-9; 10 Am. & Eng. Enc. 2nd ed. 1054; *Loucheim* v. *Hemsley,* 59 N. J. L. 149; *Schneider* v. *Rochester,* 160 N. Y. 165; *Matter of House Ave.,* 67 Barb. (N. Y.) 350; *Matter of Flatbush Ave.,* 1 Barb. 286; *Mobley* v. *Breed,* 48 Ga. 44; *Detroit etc. R. Co.* v. *Wayne Circuit Judge,* 95 Mich. 318; *Coster* v. *New Jersey R. etc. Co.,* 23 N. J. L. 227; *Connecting R. Co.* v. *United New Jersey R. etc. Co.,* 53 N. J. L. 217; *Champlain* v. *McCrea,* 165 N. Y. 264; 7 Enc. Pl. & Pr. 520-1; *Leavenworth Terminal R. etc. Co.* v. *Atchison,* 137 Mo. 218.

The taking of land by the right of eminent domain for the purpose of building a spur track to a quarry owned by a private individual is the taking of said property for private uses, and is in contravention of Article 2 of the State Constitution, which forbids by implication the taking of private property for private use. *Snow* v. *Sandgate,* 66 Vt. 451; *Tyler* v. *Beacher,* 44 Vt. 648; *N. E. Trout & Salmon Club* v. *Mather,* 68 Vt. 338; *Avery* v. *Vt. Elec. Co.,* 75 Vt. 235; *Pittsburg etc. R. Co.* v. *Benwood Iron Works,* 31 W. Va. 710; *Chicago etc. R. Co.* v. *Wiltse,* 116 Ill. 449; *In re Rochester etc. Co.,* 59 Hun. 617; *In re Split Rock Cable Road Co.,* 58 Hun. 351; *State* v. *Hazelton etc. R. Co.,*

40 Ohio St. 504; *Weidenfeld* v. *Sugar Run R. Co.*, 48 Fed. 615; *Stearns et al.* v. *City of Barre*, 73 Vt. 281.

The acts in question are also in violation of the equality clause of the Fourteenth Amendment of the Federal Constitution. *State* v. *Hayes*, 81 Mo. 574; *Louisville etc. R. Co.* v. *R. R. Comrs.*, 19 Fed. 679; *New York* v. *Roberts*, 171 U. S. 658; *Pittsburg R. R. Co.* v. *Benwood Iron Works*, 21 W. Va. 710.

*H. Henry Powers* for the defendant.

Whoever of the general public desires to purchase marble from Mr. Royce and transport it to its destination, can compel the defendant, operating the spur in question, to transport such freight at a reasonable rate. This is the test that determines the public use of this spur. *Whiting* v. *Sheboygan R. R. Co.*, 25 Wis. 167; *State* v. *Hibernia R. R. Co.*, 47 N. J. Law 43; *Contra Costa R. R.* v. *Mears*, 23 Cal. 323; *Chicago & N. W. R. R. Co.* v. *Meaham*, 56 L. R. A. 240; *Ulmer* v. *Lime Rock R. R. Co.*, 98 Me. 579; 3 Elliott, Railroads, §§960, 961.

WATSON, J.    The statute, giving railroad corporations the power to take real estate for a right of way by eminent domain, provides that before such a corporation commences proceedings for that purpose "it shall cause the location of its road signed by a majority of the directors, defining the courses, distances and boundaries of the same in each town through which it passes, to be recorded in the respective town clerks' offices in said towns; * * *." V. S. 3809. When the corporation has not acquired such real estate by gift or purchase, and if the parties do not agree as to the price thereof, two judges of the Supreme Court, on application by the corporation, shall appoint commissioners to determine the damages which the owners of such lands have sustained by the occupation of the same for the purpose named. V. S. 3814. And at least ten days before the appraisal, the corporation shall deliver to the owner, or deposit in the clerk's office in the town in which the same is situated, a plan or description in writing of the land so taken. V. S. 3816. These provisions and some others apply to the defendant in locating and constructing branches of its road to connect with marble quarries in the town of Brandon. Laws of 1868, No. 141.

The master finds that the condemnation proceedings taking the orators' land in question were in accordance with the requirements and provisions of the statute, unless the legal effect thereof is changed or modified by the facts that, "The premises in question were described in the certificate of location filed in the town clerk's office and signed by the president and a majority of the directors as being the land of E. S. Marsh instead of land of the orators, and in the description thereof the place of beginning the survey was described as being thirty-six feet southeasterly from the southwesterly corner of F. R. Button's land and in the division line between lands of the Rutland Railroad Company and E. S. Marsh, when such point or place of beginning was thirty-six feet southeasterly from the southeasterly corner of said Button's land, but such error would not deceive or mislead a person examining the premises, as to the actual or intended location thereof." The sufficiency of the description in the recorded location is challenged.

The survey and location of the road constituted the taking of the land over which it was laid,—*Troy & Boston R. R. Co.* v. *Potter,* 42 Vt. 265,—and in appraising the damages to which the owners of the land so taken were entitled, the commissioners were confined to the land within the limits of the road thus located and laid out. Beyond that they had no jurisdiction. It devolves upon the defendant to show that the condemnation under which it claims to hold the land of its right of way in question was strictly in accordance with the provisions of law. In addition to misdescription as to ownership, the report of the master shows only the point of beginning in the survey of the location, and that that is radically inaccurate when applied to the description of the land on which the road was built. True the master finds that this "error would not deceive or mislead a person examining the premises, as to the actual or intended location." But this finding cannot aid the defendant. The location of the road when recorded was the only written permanent record evidence of the land taken, and it is conclusive upon the corporation and the land owner. The location determined upon must be ascertained from the survey of record with such reference to any plan or map filed therewith and constituting a part of the description, as may be proper. The written location may be explained, but it cannot be varied or modified.

Nor is extrinsic evidence admissible to show that the land in controversy was intended to be taken, or was in fact taken.

Other questions are raised upon the record, including the constitutionality of the statute under which the condemnation proceedings were had, but they will not be decided until the facts reported are such as to enable the Court legitimately to determine whether the land in controversy is within the limits of the recorded location. If it is not, the question of the validity of the statute is not involved.

*Decree reversed pro forma and cause remanded with directions that further proceedings be had before the master in accordance with the views here expressed.*