FRANK E. BARBER *v.* W. H. VINTON ET AL.

Appointed Special Term at Brattleboro, February, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed August 23, 1909.

*Highways—Establishment—Objections — Sufficiency —Constitutional Law—Due Process of Law—Evidence—Notice— Record—"Waiver."*

Where plaintiff fully specified his objections to the admission of a record in evidence, but erroneously referred to them as failures to comply with the requirements of designated sections of the Public Statutes, instead of the Vermont Statutes, which was the revision then in force, his exception was not thereby defeated; the provisions referred to being substantially the same in each revision, and there being no misapprehension on the part of the court or opposing counsel.

P. S. 3835, authorizing a dissatisfied landowner, in proceedings for the laying out of a public highway, to bring a petition to the county court and thereon have a rehearing of all questions involved, is a sufficient provision for an appeal as against the objection that the statute is unconstitutional in failing to provide for an appeal to a disinterested tribunal.

The recital, in record of the proceedings of selectmen in laying out a highway, that it was established "after due hearing" on the question of public convenience, does not show that the landowner had notice.

In proceedings by selectmen for the laying out of a public highway, notice to the landowners of the hearing on the question of necessity or convenience is essential to jurisdiction, and can neither be presumed, nor shown by evidence dehors the record.

A "waiver" is an intentional relinquishment of a known right, with knowledge of all material facts affecting that right. Its essence is. voluntary choice, not mere negligence; and, though the intention need not be expressed, it must be evidenced by conduct of an unequivocal character.

In proceedings by selectmen for the laying out of a highway, the mere fact that a landowner appeared at the hearing on the question of damages, held subsequent to a hearing on the question of necessity, and said nothing as to notice of the previous hearing, does not show a waiver of that notice.

TRESPASS QUARE CLAUSUM. Plea, the general issue with notice. Trial by jury at the April Term, 1908, Windham County, *Powers*, J., presiding. Verdict directed for defendant, and judgment thereon. The plaintiff excepted.

Plaintiff acquired title to the premises described in the declaration by a decree of foreclosure of two mortgages that were duly assigned to him by Catherine Sears, the legal owner thereof. The trespasses complained of were committed after said decree became absolute, and consisted of entering the premises and thereon surveying and laying out certain roads. It appeared that defendant William H. Vinton, Warren Walker and E. H. Putnam were the selectmen of the town of Brattleboro at the time of the alleged trespasses, and that the other defendant was employed by them to build said roads. The defendants justified under a certified copy of the record of a petition to them as such selectmen to lay out said road and their doings thereunder, which petition was presented to and acted upon by them while said mortgages were owned by said Catherine Sears. Said record was received in evidence subject to plaintiff's objections as stated in the opinion, and subject to his exception. Subject to plaintiff's objection and exception, defendants Vinton and Putnam were permitted to testify that they gave said Catherine Sears seasonable notice of the petition asking to have the roads in question laid out, and that they would pass on the matter of the laying out of said roads, by mailing to her a post paid letter with a designated address; that she

did not appear at that hearing, which was before the trespasses complained of and while she owned said mortgages; that later they in like manner gave her notice that they had laid out the roads and would determine the amount of damages at a designated day and hour, which also was before the trespasses complained of, and while she owned said mortgages; that she appeared at this last hearing, but said nothing about having received notice of the former hearing.

*Herbert G. Barber, Frank E. Barber* and *Chase & Daley* for the plaintiff.

A mortgagee is a party in interest and entitled to notice under the statute. *Brooks & Hubbard* v. *Berry et al.,* 73 Vt. 122; *Wade* v. *Hennessy,* 55 Vt. 207; *La Farrier* v. *Hardy et al.,* 66 Vt. 200; *Goodrich and Wife* v. *Board of County Com.,* 18 L. R. A. 113 and note. All the requirements of P. S. 3817, 3818, and 3819, must be strictly fulfilled, or the proceeding is void. *Leach* v. *Rutland,* 66 Vt. 570; *Woodhouse* v. *Burlington,* 47 Vt. 300. The record relied upon to show the requisite notice to the landowners is insufficient for that purpose; and that notice can be shown only by the record. *Sherwin* v. *Bugbee,* 17 Vt. 340; *Greeley* v. *Quimby,* 22 N. H. 335; 2 Wig. §1346; *Young* v. *Wheelock,* 18 Vt. 493; *Blodgett* v. *Royalton,* 14 Vt. 288; *Post & Flagg* v. *Rutland R. R. Co.,* 80 Vt. 551; *Andrews* v. *Boylston,* 110 Mass. 214; *Pulp Co.* v. *Franklin,* 66 N. H. 274; *Brush* v. *Watson,* 81 Vt. 43.

*A. F. Schwenk* and *Hermon E. Eddy* for the defendant.

The record in question is sufficient to justify the trespasses complained of. *Kidder* v. *Jennison et al.,* 21 Vt. 108; *Haynes* v. *Lassell,* 29 Vt. 157; *Corliss* v. *Corliss,* 8 Vt. 373. Proceedings of this kind are judicial in character, and are presumed to have been regular. *Kent* v. *Enosburg,* 71 Vt. 256.

The general rule making official returns conclusive has no application to the return of the selectmen showing their doings on a petition for the laying out of a highway, and the court properly admitted oral evidence of notice to the landowner. *Bentley* v. *White,* 54 Vt. 564; *Carney* v. *Dennison & Gore,* 15 Vt. 400; *Hovey* v. *Lovell,* 9 Pick. 67; *Townshend* v.

*Newell,* 14 Pick. 332.    As the notice was duly sent by mail, its receipt is presumed.    *McDowell* v. *Ins. Co.,* 164 Mass. 444; *Rosenthal* v. *Walker,* 111 U. S. 185; *Oakes* v. *Weller,* 16 Vt. 63; Wig. on Ev. §95.

MUNSON, J.    This suit is brought in the right of Catherine Sears, who held a mortgage of the premises entered by the defendants.    The record of the proceedings establishing the highway recites that the action of the selectmen was taken ''after due hearing'' on the question of public convenience, and that a hearing as to land damages was afterwards had.    The record contains nothing further bearing upon the question of notice.    A certified copy of the record was received in evidence against the plaintiff's objection that it failed to show that Catherine Sears had notice of the proceedings.    The defendants were afterwards permitted to show by parol evidence that the selectmen notified Mrs. Sears of the hearing on the petition, and of the subsequent hearing on the matter of damages, by the mailing of letters properly addressed, and that she appeared at the latter hearing. This evidence was objected to on the ground that the record was conclusive, and could not be varied or enlarged by parol.    The court directed a verdict for the defendants.

The plaintiff's objections to the record were specifically pointed out, but were spoken of as failures to comply with the requirements of certain sections of the Public Statutes, instead of sections of the Vermont Statutes, which was the revision in force when the proceedings were had.    This inaccuracy cannot defeat the exception.    The statutory provisions referred to were substantially if not entirely the same in the two revisions, and the substance of each objection was so presented as to leave no room for misapprehension on the part of court or opposing counsel.    See *Stowe* v. *Stowe,* 70 Vt. 609, 41 Atl. 1024.

The plaintiff claims that the proceedings relied upon by the defendants afford them no protection because the statute which purports to authorize them is unconstitutional, in that it fails to provide for an appeal to a disinterested tribunal.    But the statute authorizes a dissatisfied landowner to apply by petition to the county court and have thereon a rehearing of all the questions involved, and this has recently been held to be a sufficient provision by way of appeal to meet the objection now urged by

the plaintiff.   V. S. 3314, 3315; P. S. 3835, 3836; *Burlington* v. *Central Vt. R. R. Co.,* 82 Vt. 5, 71 Atl. 826.

The defendants tacitly concede that notice of the hearing on the question of necessity or convenience is essential to jurisdiction, and that Mrs. Sears' interest as mortgagee entitled her to notice.   But they contend that the fact of notice is covered by the recital of ''due hearing''; that if there is any deficiency in this respect it is made good by the presumption of regularity; that if notice did not otherwise appear it was properly shown by parol evidence; and that in any event Mrs. Sears' appearance at the hearing on the question of damages without questioning the prior proceeding was a waiver of the omission.

The defendants cite *Robinson* v. *Winch,* 66 Vt. 110, 28 Atl. 884, in support of their contention that the selectmen's recital of a ''due hearing'' shows a hearing had on notice to Mrs. Sears. In the case cited the selectmen laid a highway over the plaintiff's land, and the record showed that they heard ''all parties interested, as the law requires.''   This was considered a sufficient showing that the plaintiff was heard on the question of taking.   The court evidently went upon the ground that there could be no question in the mind of any one but that the plaintiff was an interested person; and in this view the recital was a direct assertion that the plaintiff was heard, and if he was heard it was needless to inquire regarding notice.   But the recitals in the two cases are not coextensive.   A statement that all persons interested were heard covers the requirements of a sufficient hearing, while a mere recital of ''due hearing'' gives no indication of what the trier considered essential to a due hearing.   We think it must be held that the record fails to show that Mrs. Sears had notice.

But the defendants insist that this matter is covered by the presumption of regularity, and cite several of our cases in support of their contention, beginning with *Corliss* v. *Corliss,* 8 Vt. 373.   The controversy in that case involved the validity of proceedings had in setting out the plaintiff's dower from lands which her husband held in common with the defendant.   The statute provided that notice of an application for the severance of the estates should be given to all persons interested before the order therefor should issue, and that the committee appointed to make the division should notify all persons interested to be

present if they saw cause. The defendant was not notified of the application before the issuance of the order, but was notified by the committee to be present at their proceedings and did not attend. The court considered that the provision for the preliminary notice could not be treated as directory, but held that the notice afterwards given made the defendant so far a party to the proceeding that he had a right to attend the committee while the division was being made, and an opportunity to contest their report, and a right to appeal from the court's acceptance thereof; and that his neglect to avail himself of these rights was a waiver of the prior defect.

This case has sometimes been cited as authority for propositions not covered by the decision. In *Sparhawk* v. *Buell,* 9 Vt. 41, 77, in passing upon a claim that the probate decree in question was not upon such notice as the statute required, it was said that the court had held in the *Corliss* case that decrees of the probate court would be presumed to have been made upon proper notice and formal proceedings although they did not appear of record, and that parol proof could not be received to show the contrary.

In *Kidder* v. *Jennison,* 21 Vt. 108, the only record was that of a survey of the road, and this was received in evidence against the plaintiff's objections that it did not show that the plaintiff received notice of the doings of the selectmen so that he could appear and claim his damages, nor show that a petition, with the doings of the selectmen thereon, stating the manner. of notifying the parties, had been returned to the town clerk's office. It was said, upon a citation of *Corliss* v. *Corliss,* that the court would make all reasonable presumptions in favor of judicial and analogous proceedings, and that if a petition was necessary the court would probably presume its existence and regularity; that the return of the petition to the clerk's office was an act subsequent to the laying of the road and not an essential part of it, and that an omission of this duty could not affect the validity of the laying. It was thought that it could not have been intended that the omission to notify a landowner should make void the laying of the road; that it was intended as a direction to the selectmen in the performance of their duty, and perhaps to impose upon them an obligation that would afford a remedy to one aggrieved; and that any other construction would savor of unreasonable strictness.

This case was cited in support of the decision in *Haynes* v. *Lasell*, 29 Vt. 157. There the selectmen had discontinued a road, and the record failed to show that there had been any notice or hearing. The court doubted whether notice to a landowner was essential in proceedings for a discontinuance, but held that if notice was necessary it would be presumed that the preliminary proceedings were regular.

But it was held in *La Farrier* v. *Hardy*, 66 Vt. 200, 28 Atl. 1030, after giving due consideration to *Kidder* v. *Jennison*, and held again in *Lynch* v. *Rutland*, 66 Vt. 570, 29 Atl. 1015, that notice to the landowner is necessary to give selectmen jurisdiction of the subject-matter of laying a road, and that without notice their acts are void. The facts were such that the question of presumption was not expressly disposed of in either case, but the latter opinion suggests a doubt whether a presumption of notice can ever be made in support of a proceeding of this nature before a tribunal of special and limited authority.

In *Kent* v. *Village of Enosburg Falls*, 71 Vt. 255, 44 Atl. 343, where sewer assessments were annulled on appeal, it was said that in all sessions proceedings the facts which confer jurisdiction must affirmatively appear, that an exercise of jurisdiction does not imply a previous ascertainment of the facts necessary to confer it, and that nothing will be presumed in favor of the action taken.

It seems clear from this review of our cases that notice of the hearing on the question of necessity cannot be presumed. Our next inquiry is whether notice can be shown by extrinsic evidence.

The statute provides that the selectmen shall return the original petition, with a report of their doings thereon and of the manner of notifying the parties, with the survey of the road, to the town clerk's office, to be kept on file therein; and that their order laying out the road, and the survey, shall be recorded. The plaintiff insists that this was intended to provide for an official ascertainment and preservation of all the facts essential to the validity of the proceedings and the determination of the rights of those concerned, and that the enactment will fail of its purpose if it be held that defects may be supplied by parol evidence. *Sherwin* v. *Bugbee*, 17 Vt. 337, is cited in support of this view. That was a suit in trespass, in which the defendant

undertook to justify as collector of taxes, and the issue depended upon the validity of the vote raising the tax. The warning of the meeting as recorded did not give the hour at which it was to be held, and the defendant offered parol evidence to show that the hour appeared in the original warning as posted. · This was excluded, and the court sustained the exclusion, saying that the record should furnish all the means for testing the validity of the proceedings. We see no ground upon which a distinction can be made in this respect between proceedings for the taking of property by taxation, and those for taking it under the right of eminent domain. See also *Post* v. *Rutland Railroad Co.*, 80 Vt. 551, 69 Atl. 156.

It remains to inquire whether Mrs. Sears waived this defect by appearing at the subsequent hearing on the question of damages. The defendants insist that her appearance at that time without objecting to the proceedings operated as a waiver of the prior defect, and cite *Brock* v. *Barnet*, 57 Vt. 172, in support of their claim. In that case the plaintiff did not have sufficient notice of the hearing on the question of laying the highway, but he appeared at the hearing and objected to any action being taken, but made no objection regarding the notice; and it was held that the want of sufficient notice was dilatory matter and was waived by not objecting. This case would have been somewhat in point if the appearance here relied upon had been at the hearing on the petition, but it does not dispose of the question presented.

This Court has defined a waiver to be an intentional relinquishment of a known right. *Boynton* v. *Braley*, 54 Vt. 92; *Donahue* v. *Ins. Co.*, 56 Vt. 374, 382; *Findeison* v. *Ins. Co.*, 57 Vt. 520; *Christenson* v. *Carleton*, 69 Vt. 91, 37 Atl. 226. The intention need not be expressed, but must be evidenced by conduct of an unequivocal character. 29 Ency. Law, 1105; *N. H. Central R. R. Co.* v. *Johnson*, 30 N. H. 390, 64 Am. Dec. 300; *Cal. Southern Hotel Co.* v. *Callender*, 94 Cal. 120, 29 Pac. 859, 28 Am. St. Rep. 99. ⸤The party must have acted with a knowledge of all the material facts affecting his right. *Pence* v. *Langdon*, 99 U. S. 578, 25 Law. Ed. 420; *Bennecke* v. *Conn. M. Life Ins. Co.*, 105 U. S. 355, 26 Law. Ed. 990; *Tone* v. *Columbus*, 39 O. St. 281, 48 Am. Rep. 438. The conduct may be of a negative character, but the essence of a waiver is voluntary choice and not mere negligence. *Farlow* v. *Ellis*, 15 Gray 229.

The cases upon this subject mostly relate to matters of contract; and these present questions touching every description of conduct. This case involves the effect of appearances in judicial proceedings, and requires a reference to special rules applicable thereto. It is well settled that if a defendant who has not been served with process voluntarily submits himself to the jurisdiction of the court he will be precluded from afterwards taking advantage of the defect. This may be done by entering a general appearance in some prescribed manner, or by taking some step in the proceeding which necessarily involves an acknowledgement of the court's jurisdiction. But a defendant may come before the court without submitting to its jurisdiction if his appearance be properly limited.

The first proceeding on a petition for the laying of a highway is an inquiry whether the public good or the necessity or convenience of individuals requires that it be laid. If the road is laid, it becomes necessary to inquire whether the landowners have suffered any damage by the appropriation of their property for this purpose, and if they have, to fix the amount. The second hearing may be had on the same day as the first, or it may be had months later, as in this case. The hearing on a petition to the selectmen, while judicial in its nature, is not docketed in nor directed by any court, but is purely a sessions proceeding, conducted informally, and without special rules governing appearances or their effect.

The record in this case is very meager. The exceptions state merely that Mrs. Sears appeared at the hearing on the question of damages, and said nothing about having received notice of the prior hearing. The selectmen's report makes no mention of her attendance or her interest. So we have no knowledge of any conduct affecting Mrs. Sears' rights, beyond what is covered by the statement that she appeared. But this statement of the exceptions does not exclude from our inquiry the matters ordinarily involved in the determination of a question of waiver. There is nothing in the law that attaches to a mere appearance in a proceeding of this character the technical consequences that follow the entry of a general appearance in regular judicial proceedings. For aught that appears Mrs. Sears may have attended for some purpose which did not necessarily acknowledge the jurisdiction, and have done

nothing that in the circumstances amounted to a waiver. The burden was on the defendants to introduce evidence, and procure a statement of it, that would show the contrary.

It must be remembered that the hearing at which Mrs. Sears appeared was not the one at which the road was laid; although it was a hearing in the same proceeding, and one from which she must have understood that the selectmen had undertaken to appropriate the land. But the adjudication of condemnation had been made nearly three months before. It is true that the matter had not yet passed beyond the reach of the selectmen, and that if Mrs. Sears had then made her objection they might have recalled their action and given her a hearing on the question of taking. But this cannot be made the test of her conduct, even if it was her duty to act with reference to a contingency; for she may not have known the conditions which made this course possible. We find no ground upon which it can be said as matter of law that Mrs. Sears has waived her right to object to the condemnation for want of notice.

*Judgment reversed and cause remanded.*