TOWN OF BERKSHIRE *v.* NELSON & HALL· COMPANY.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 8, 1918.

*G. L. 4394—Resurvey of Highway—Selectmen's Record—Must Show All Jurisdictional Facts—Must Show that Abutting Land Owners Had Notice of Hearing.*

The record of a resurvey of a highway under G. L. 4394 must affirmatively show all facts essential to give the selectmen jurisdiction to act in the premises.

If the selectmen have jurisdiction to make a resurvey of a highway, where the resurveyed boundaries are the same as those of the original survey, without giving notice of hearing to the abutting land owners (a question not decided), their jurisdiction is dependent on such facts affirmatively appearing in their record of the resurvey.

The resurvey of a highway is void where the selectmen's record of the same states that the resurvey followed *approximately* the original survey, and fails to show that notice of hearing was given to the abutting land owners.

ACTION OF TORT to recover a penalty under G. L. 4634 for failure to remove certain buildings claimed to be within the limits of a highway. Trial by jury in the St. Albans City Court, *Nathan N. Post,* Judge. Verdict and judgment for the plaintiff to recover $30 and costs. The defendant excepted. The opinion states the case.

*Sheldon R. Boright* for the defendant.

*Gaylord F. Ladd* for the plaintiff.

WATSON, C. J. This action is brought to recover a penalty under section 4048 of the Public Statutes (G. L. 4634), for the alleged failure of the defendant to remove certain buildings claimed to be within the limits of a certain highway in the town

of Berkshire. A trial was had by jury, resulting in a verdict for the plaintiff.

It appeared that prior to 1854 there was a public highway surveyed and established by a county court's commission and the orders of the court, through the towns of Richford, Berkshire, and other towns, to St. Albans; that on May 23 and 24, 1916, the selectmen of the town of Berkshire resurveyed said highway in that town, and on August 16, 1916, made a record of such resurvey in the office of the clerk of the town.

The plaintiff's evidence tended to show that the buildings, for the failure to remove which this action is being prosecuted, consist of two storehouses, each about eighteen feet wide, the older one being sixty-two feet long and the newer one ninety-nine feet long; that these buildings are placed end to end, so as to make practically one building one hundred and sixty-one feet long and eighteen feet wide, extending along the boundary of the highway as shown by the resurvey; and that about one-half of the width of the buildings is within the highway as thus shown. Defendant's evidence tended to show that at the time of the trial of this cause, the older of these buildings had been in its present location for twenty-five years, and that the new building was built onto the other by defendant six years before the trial; that defendant had then been the owner thereof for at least fifteen years, and had been in the occupancy for ten years.

A certified copy of the record of the resurvey, offered in evidence by the plaintiff, was objected to on the ground that the abutting land owners were not given notice of any hearing on the primary question of whether the public good, or the necessity or convenience of individuals, required any relocation or resurvey of the highway, the defendant claiming that the plaintiff must prove that the resurvey established the boundaries of the highway the same as did the original survey, or the resurvey is invalid for want of such notice being given. The evidence was received subject to exception. The same question was raised by exception to the overruling of defendant's motion for a directed verdict at the close of the evidence.

The question thus presented goes to the jurisdiction of the selectmen in making the resurvey. The statute provides that if the survey of a highway has not been properly recorded, or the record preserved, or if its terminations and boundaries cannot be ascertained, the selectmen may resurvey the same and make a

record thereof in the office of the clerk of the town.    G. L. 4394.

The record thus required must show affirmatively established all facts essential to give the selectmen jurisdiction to act in the premises. No facts can be presumed in aid of such jurisdiction. *Kent* v. *Village of Enosburg Falls*, 71 Vt. 255, 44 Atl. 343. The record made shows that the highway was originally surveyed and established as stated above, and that, it being found impossible to determine the termination and boundaries thereof, in that town, the selectmen caused a portion of the highway to be resurveyed, etc.

We need not consider whether notice to abutting land owners of a hearing before the selectmen on any question connected with a resurvey under the statute is essential to jurisdiction in a case where the boundaries as resurveyed are in the same place as the boundaries under the original survey; for the record of the resurvey here in question does not show such fact affirmatively established, as it must if jurisdiction is dependent on it. Thereon the record states only "that the foregoing resurvey follows and approximates the original survey as nearly as the same can be determined." This is too indefinite and uncertain to constitute an affirmative finding of the fact. Notice to land owners was therefore essential to jurisdiction, and, it not appearing from the record that such notice was given, the acts of the selectmen in making the resurvey are void. *LaFarrier* v. *Hardy*, 66 Vt. 200, 28 Atl. 1030; *Barber* v. *Vinton*, 82 Vt. 327, 73 Atl. 881.

The reception of the certified copy of record was reversible error. It follows that the plaintiff cannot maintain this action for failure of defendant to remove the buildings from the highway, relying, as it did, upon the resurvey to locate the boundaries, and the motion for a directed verdict should have been granted.

It is unnecessary to consider the other questions presented in argument.

*Judgment reversed, and judgment for defendant to recover its costs.*