NICHOLS ELECTRIC CO., INC. *v.* CHARLES FIENBERG ET AL.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE. JJ.

Opinion filed May 2, 1928.

*Collins M. Graves* and *George L. Hunt* for the plaintiff.

*J. Ward Carver*, Attorney General, for defendant Clark.

*Holden & Healy* for defendant Fienberg.

CHASE, J. In March, 1926, a wooden building on Main Street in Bennington was badly damaged by fire. A single room store in it on the street level was then in the possession of the plaintiff, a Vermont corporation, as lessee under a written lease from C. E. Walker who formerly owned the premises. This room was not much damaged by the fire, and the plaintiff, despite being put to some trouble to avoid damage by water from leaks in the roof, has ever since insisted upon and persisted in continuing to occupy it as a store in accordance with the terms of its lease. Title to the property has, since the date of the lease, passed to successive owners, and some time previous to July 20, 1926, came to be in the defendant Fienberg, who has since held it. On the latter date a hearing was held at Bennington by a deputy state fire marshal under the provisions of No. 155 of the Acts of 1921 relative to the building. On July 28 following this hearing defendant Clark, who was the State

fire marshal, made his order that the building be razed and the premises placed in a safe condition within ten days. This time was later extended to September 1, 1926. On July 27, 1926, the plaintiff brought its bill in chancery against the defendants and obtained a temporary injunction staying the order of defendant Clark. The defendants answered, and defendant Fienberg filed a cross-bill with a prayer. "1. That the bill be dismissed. 2. That the plaintiff be restrained and enjoined; (a) from interfering in any way with the acts of this defendant in complying with the order of the fire marshal; (b) from bringing suit against this defendant for damages on account of complying with the said order if this defendant is permitted to comply with it; (c) from continuing to occupy the premises when once the issues herein involved are decided so that if said order is finally found valid the defendant may proceed to comply with the order of the fire marshal without interference and without being hindered by the presence of the stock and goods of the plaintiff in the premises." After hearing, the chancellor filed his findings and his decree dismissing the bill and granting affirmative relief according to the prayer of the cross-bill. From this decree the plaintiff has appealed and questions the validity of the order of the fire marshal on the ground, among others, that it had no notice of the hearing held by the deputy marshal. The chancellor has found that "No notice was given to the plaintiff other than that just immediately before the hearing Mr. Preble called at the store of the plaintiff and informed William H. Nichols that there was to be a hearing that morning at the county courthouse in Bennington relative to the razing of said building, but that as Mr. Nichols was not an owner he didn't think he needed to appear. He did tell him that if he did come to the hearing he would be questioned." Mr. Preble was the deputy fire marshal before whom the hearing was had. Mr. Nichols was the treasurer of the plaintiff corporation. Nichols did attend the hearing and was called as a witness but took no other part in it.

The material portion of No. 155 of the Acts of 1921 is as follows: "* * * * Whenever a building or structure by reason of age, neglect, want of repair, action of the elements, destruction, either partial or total, by fire, riot or other cause, shall have become so dilapidated, unsightly, ruinous, decayed, filthy, unstable or dangerous as to constitute a material menace

or damage in any way to adjacent property, or to the public, or an attractive nuisance to children in the neighborhood of such building or structure, and shall have so remained for a period of not less than one month, the state fire marshal or his deputy, or either of them, upon reasonable notice to the owner or owners of such building or structure and such hearing in the premises as said fire marshal or deputy fire marshal shall deem sufficient, shall have power to make reasonable orders for the repair, rehabilitation, destruction or removal of said building or structure. * * *

''No building or structure shall be repaired, rehabilitated, or destroyed under an order of a fire marshal or deputy fire marshal without ten days' notice to the owner of the property in question, during which the right of appeal shall lie to the assistant judges of the county court in the county in which the property is situated, who shall have jurisdiction to hear and try the question of the reasonableness of the said order and the public need of its enforcement, and to render final decision in the case, and shall take up such a cause for determination whenever presented to them as aforesaid. Pending such an appeal, the order of the fire marshal or deputy fire marshal in the case shall be stayed.''

It will be seen that this statute does not apply to cases of sudden emergency where prompt action is a paramount necessity, if anything effective is to be done, and the ordinary requirements of law as to notice may be dispensed with under the police power because of the urgency of the occasion. By its express terms, it refers only to a building or structure which has been in the condition sought to be remedied at least a month. That a lessee in possession of a building or a part of it has a property right therein is so plain it must be admitted; yet, without notice to him, the building may be ordered destroyed in strict compliance with the statute. There is no provision for notice of the hearing or of the order for destruction, if one is made, so that anyone in interest except the owner or owners can have an opportunity to be heard by the fire marshal or his deputy or to take an appeal from the order. It is idle to say that an interested person need not have notice of the hearing because his rights can be fully protected on appeal, when it is easily possible for such a person to be entirely ignorant both of the hearing and of the order until it is too late

to take an appeal at all. In one of our early cases Royce, J., in speaking of notice said: "To conclude the rights of a person by any proceeding of a judicial nature, to which he was not a party, and against which he could not defend, is repugnant to the first principles of justice. Notice is so essentially necessary, that without it such proceedings are uniformly held to be void, except in cases where the statute has provided specific means of relief. So far has this principle been carried, that such proceedings have frequently been adjudged void for want of notice, even where none was expressly directed by statute." *Corliss* v. *Corliss,* 8 Vt. 373, 389. In respect to this very statute, the need for notice has now been recognized by the Legislature and notice provided for by amendment. No. 94 of the Acts of 1927. The laws and regulations under which we live are indeed so numerous that, wherever summary action is unnecessary, the right to notice must be carefully preserved lest conditions become intolerable. While it was held in the Corliss Case that the defect in the failure to give notice was waived, the necessity for notice was well stated. This case is discussed at some length in *Barber* v. *Vinton et al.,* 82 Vt. 327, 73 Atl. 881, where notice and waiver are considered. See, also, *In re Allen,* 82 Vt. 365, 73 Atl. 1078, 26 L. R. A. (N. S.) 232; *Bioni et ux.* v. *Hazelton,* 99 Vt. 452, 134 Atl. 606, and cases there cited. Moreover, the notice given must be reasonable, else in law it is no notice at all, *Kimpton* v. *Glover,* 41 Vt. 283. Its purpose is to give one more than a chance to be present at a hearing. It should afford him a reasonable opportunity to prepare and present, with counsel if he so desires, such evidence and argument as he may be entitled to. *Rutter et al* v. *Burke et al.,* 89 Vt. 14, 34, 93 Atl. 842.

█ The actual notice to the treasurer of the plaintiff given just before the hearing was held, if it can be called a notice to the plaintiff, was rather more not to appear than to appear, and was so lacking in furnishing the plaintiff a fair opportunity to be heard that it cannot be called reasonable.

██ The chancellor has found that Nichols "voluntarily appeared and took part in the hearing for and in behalf of the plaintiff." The plaintiff excepted to the finding that he "voluntarily appeared" and that his acts were "for and in behalf" of the plaintiff. Turning to the transcript and Exhibit L, which is before us, we find the evidence undisputed that Mr.

Nichols, "as a matter of curiosity," went to the room where the hearing was held and sat down in the back of it. His presence was noticed, and he was asked certain questions by Mr. Preble and the attorney for Fienberg. Aside from answering such questions, he did nothing. After he had given his full name in reply to Mr. Preble, he said "Yes" when the attorney stated, "The lease is to the Nichols Electric Company?" and answered, "As treasurer," when the attorney then said, "And is here represented by William H. Nichols as president?" The finding that he "appeared for and in behalf of the plaintiff" has for its support only what he said in reply to the two assertions of the attorney, treated as questions and given above. It is apparent that his second reply was merely a correction of the statement of the attorney that he was president. It should not be given a forced construction apart from all else in the case, but should be construed reasonably in the light of what actually took place. *People's Nat. Bank* v. *Brunelle*, 101 Vt. 42, 140 Atl. 160. Giving it such a construction, we think the finding that he appeared for and in behalf of the plaintiff is not supported by the evidence, and the exception is sustained. Thus the order of defendant Clark was made without notice to the plaintiff or waiver of notice by it and the plaintiff is entitled to relief. In the amendment to the statute above referred to, No. 94 of the Acts of 1927, notice to one in the plaintiff's situation both as to the hearing and the order made is provided for and the appeal, if taken, is to the court of chancery instead of to the assistant judges of the county court. Since the decree must be reversed and decree entered for the plaintiff, any order which may hereafter be made by the fire marshal will be under the statute as amended. Consequently a discussion of the constitutionality of the statute before amendment and of the other exceptions will serve no useful purpose. We have taken no time with the claim of the defendants that the fire terminated the plaintiff's lease, since it was conceded in argument that the plaintiff has continued to pay and the defendant Fienberg has continued to accept the rent stipulated.

*Decree reversed, and cause remanded, with directions that the defendant's cross-bill be dismissed and decree entered for the plaintiff in accordance with the prayer of its bill, with costs against defendant Fienberg.*